# Willingham v. The State.

### *Violating  Prohibition  Law.*

(Decided February 3, 1914.   64 South. 544.)

*Intoxicating Liquors; Evidence; Prior Conviction.*—Evidence of a prior conviction is admissible only after a conviction for the purpose of determining the scope of the punishment as provided by section 3, Acts 1909, p. 10, and hence, the court was in error in compelling the defendant to answer on cross-examination that he had been convicted of violating the prohibition law.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Tom Willingham was convicted of violating the prohibition law and he appeals.   Reversed and remanded.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, for the State. The court was not in error in requiring defendant on cross-examination to answer as to his prior conviction for violating the prohibition law, as it tended to show the character of the sale charged.—*Pearce v. State*, 40 Ala. 720.   It was also admissible to show intent.—*Ingram v. State*, 39 Ala. 249; *Pike v. State*, 51 S. W. 395. The bill of exceptions does not purport to set out all the evidence, and the court will presume any state of the evidence to support the ruling of the trial court.— *Cruise Splawn L. Co. v. Sorrell*, 51 South. 727.

THOMAS, J.—The defendant, who was tried and convicted of selling whisky, was, as a witness for himself on cross-examination by the state, required by the court, over the timely objection and exception of defendant's counsel, to answer, which he did affirmatively,

6 C A

if he had not last year been convicted in that county of selling or keeping for sale intoxicating liquors.

Such evidence was entirely immaterial to any issue before the jury on the present trial and was, we do not doubt, highly prejudicial to the case of the defendant. The court was in error in admitting such evidence before the jury.—*Hammock v. State,* 8 Ala. App. 367, 62 Southh. 322. After defendant's conviction on the present trial, the court had the right, and it was its duty in determining what punishment it would inflict upon defendant, to ascertain for itself from the records whether or not the defendant had been previously convicted of violating the prohibition laws, since the statute (Acts 1909, p. 10, § 3) makes it incumbent upon the court on a second and every subsequent conviction to impose, as additional punishment, a hard labor sentence for not less than three nor more than six months; but certainly such fact of a prior conviction for a similar offense has and should have no place in the deliberations of the jury upon the guilt or innocence of the defendant on the present trial. For the error of the court in admitting this evidence, the judgment of conviction is reversed.

Reversed and remanded.