## Hill v. City of Prattville.

### Violating Municipal Ordinance.

(Decided May 18, 1915.   Rehearing denied June 3, 1915.
69 South. 227.)

1. *Criminal Law; Other Offenses; Evidence.*—Where one is charged with violating the prohibition law and the testimony showed a sale of whisky, the admission of evidence of a sale at a different time and place was improper.

2. *Witnesses; Impeachment.*—Where defendant is charged with violating a municipal ordinance prohibiting the sale of intoxicating liquors, it was not proper to require him on cross-examination to testify as to his previous trial and conviction of a similar offense.

3. *Appeal and Error; Objection; Time to Interpose.*—Where the appellee invites a ruling on questions presented by bill of exceptions on the original hearing, it cannot, on application for rehearing, object to the bill as not having been properly filed, especially where the signature of the judge appeared at the conclusion of the bill as set out in the transcript, following the statement that the same was tendered as defendant's legal bill of exceptions.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

J. W. Hill was convicted of violating an ordinance of the city of Prattville, and on appeal to the circuit court was again convicted, and appeals. Reversed and remanded.

C. E. O. TIMMERMAN, for appellant.

EUGENE BALLARD, and THOMAS & WILEY, for appellee.

PELHAM, P. J.—(1) The defendant was charged in one count with a violation of the prohibition laws. The testimony of the state's witness, if believed, showed the commission of the offense charged (i. e., a sale of whisky), and the defendant's guilty connection, by direct testimony of a specific act which, within itself, constituted the crime, as well as the defendant's commission thereof, and the admission of evidence of another sale at a different place and time, against the defendant's objection, was improper.—*Moore v. State,* 10 Ala. App. 179, 64 South. 520, and authorities there cited.

(2) When the defendant was being examined as a witness in his own behalf, the city's counsel was permitted to ask, and the defendant was required to testify, against objections seasonably interposed by defendant's counsel, that on a prior occasion to the one in question, when he was charged with selling whisky, he had been tried and convicted by the mayor of the city of Prattville of a similar offense. In this the court was in error.—*Willingham v. State,* 10 Ala. App. 161, 64 South. 544; *Hammock v. State,* 8 Ala. App. 367, 62 South. 322.

For the errors pointed out, the judgment of conviction must be reversed, and the cause remanded for trial in conformity with the above holdings.

Reversed and remanded.

ON REHEARING.

(3) On the original submission of this case, the appellee discussed and invited our rulings upon questions presented by the bill of exceptions, treating the bill set

out in the transcript as a legal bill, and the signature of the judge thereto as shown by the transcript as an approval and signing of the bill, as well as an endorsement by him showing the date of presentation. The signature of the judge appears at the conclusion of the bill as set out in the transcript, following the statement that same is tendered as the appellant's legal bill of exceptions in the case when signed by the presiding judge, and although the signature is immediately preceded by the date and the word "presented," it might be taken as a signature of approval to the bill, while at the same time showing presentation. At least we do not think the view taken by the appellee on the original submission, when we were invited to consider and pass on the court's rulings, as presented by the bill, to be unwarranted, and we do not deem the question as to the bill not being shown by the transcript to have been properly signed, now raised by the appellee for the first time on application for rehearing, to be meritorious, and the application for a rehearing will be denied.

Overruled.