(84 South. 862)

ABRAMS v. STATE. (1 Div. 323.)

(Court of Appeals of Alabama. April 6, 1920.)

WITNESSES ⚖═337(6)—TESTIMONY AS TO CONVICTION OF DEFENDANT FOR VIOLATION OF PROHIBITION LAW NOT ADMISSIBLE FOR PURPOSE OF AFFECTING HIS CREDIBILITY.

In prosecution for violating the prohibition law, under Code 1907, § 6730, the admission of testimony as to former conviction of defendant for violation of the prohibition law *held* inadmissible for purpose of affecting his credibility as a witness, under section 4008, providing that only convictions of offenses involving moral turpitude may be shown as affecting the credibility of a witness, notwithstanding section 4009.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Will Abrams was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

In producing its testimony, the first sale was shown to have been on August 2d, and over the objection of the defendant the state was permitted to show by the same witness several other sales of whisky previous to this.

The other facts sufficiently appear from the opinion of the court.

Inge & Kilborn, of Mobile, for appellant.

Counsel discuss errors assigned relative to the admission of various sale of whisky, but without citation of authority. It was improper to permit the defendant to be asked about former convictions, and to charge as the court charges relative thereto. 10 Ala. App. 161, 64 South. 544; 10 Ala. App. 171, 65 South. 302; section 4008, Code 1907.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence objected to was admissible. 1 Ala. App. 206, 55 South. 453; 129 La. 455, 56 South. 366; 1 Ala. App. 228, 56 South. 37; 3 Ala. App. 189, 58 South. 62; 3 Ala. App. 206, 58 South. 88; 42 South. 833. It was competent to ask the witness about former convictions. 131 Ala. 48, 31 South. 572. The oral charge is not set out, and cannot, therefore, be considered.

BRICKEN, P. J. This prosecution originated in the recorder's court, and from a judgment of conviction in that court an appeal was taken to the circuit court, and was there tried by a jury. The defendant was charged with violating the prohibition law (Code 1907, §§ 7352–7377), and was finally tried upon a complaint filed by the solicitor under section 6730 of the Code of 1907.

Many exceptions were reserved to the rulings of the court upon the evidence; the exceptions involving in the main the doctrine of election. We are of the opinion it would serve no good purpose to deal specifically with each of these exceptions, as the question of election by the state has been definitely settled in the cases of Joyner v. State, 16 Ala. App. 240, 77 South. 78, Ex parte Joyner, 201 Ala. 696, 77 South. 1000, and Brooms v. State, 197 Ala. 419, 73 South. 35, and these authorities will be sufficient to guide the court and counsel upon another trial of this case.

Pending the trial the solicitor was permitted to prove by the defendant on cross-examination that he had formerly been convicted of the offense of violating the prohibition law, and the court, in his oral charge to the jury, said:

"Testimony with reference to other convictions, may be looked to by the jury for several purposes: First, to assist you in making up your mind in weighing the testimony of the defendant, if he takes the stand. That would go in evidence, and would be relevant as to his credibility."

This portion of the oral charge of the court was excepted to, and we are of the opinion that the exception was well taken. Only convictions of offenses involving moral turpitude may be shown as affecting the credibility of a witness. Code 1907, § 4008; Smith v. State, 129 Ala. 89, 29. South. 699, 87 Am. St. Rep. 47; Prov. L. & Acc. Ins. Co. v. Black, 15 Ala. App. 437, 73 South. 757; Fuller v. State, 147 Ala. 37, 41 South. 774; Moore v. State, 10 Ala. App. 179, 64 South. 520. It is true that section 4009 provides:

"A witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence."

But this section must be construed with section 4008, Code 1907, which provides:

"No objection must be allowed to the *competency* of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime *involving moral turpitude*, the objection goes to his credibility." (Italics ours.)

Other questions presented by this record need not be decided, as in all probability the same will not occur upon another trial. For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.