(88 South. 375)

### LYLES v. STATE.  (7 Div. 659.)

(Court of Appeals of Alabama.  Feb. 15, 1921.)

**1. Intoxicating liquors ⬅️139—Having spirituous liquors in possession held an offense.**

Since the passage and approval on January 25, 1919, of the act known as the "Weekly Bone Dry Law," it has been unlawful for any person to have in his possession or to possess in the state any spirituous, vinous, or malt liquors, or any other prohibited liquors or beverages, in any quantity whatsoever.

**2. Intoxicating liquors ⬅️223(2)—No conviction of having in possession under indictment charging having in possession for sale.**

No conviction could be had for merely having whisky in possession under an indictment containing the qualification that the possession was for the purpose of sale or other unlawful disposition, under Weekly Bone Dry Law.

**3. Witnesses ⬅️337(6)—Violating prohibition law does not involve moral turpitude, warranting proof of conviction as affecting credibility.**

The offense of violating the Prohibition Law does not involve moral turpitude, and evidence of a prior conviction was improperly admitted in a prosecution for a violation of the Weekly Bone Dry Law, if offered for the purpose of affecting the credibility of defendant's ·testimony, under Code 1907, §§ 4008, 4009.

**4. Criminal law ⬅️1202(4) — Testimony of prior conviction not to be admitted in presence of jury.**

In a prosecution for violation of the Weekly Bone Dry Law, it was improper to permit proof to be introduced in the presence of the jury of a prior conviction of a prohibition law for the purpose of showing that the charge was a second or subsequent offense, the jury having nothing whatever to do with the matter, as the additional punishment must be fixed by the judge, under Code 1907, §§ 4008, 4009, Acts 1909, p. 10, § 3, Acts 1915, pp. 2, 6, §§ 3, 14, Laws 1915, p. 30, § 29½, and Weekly Bone Dry Law, § 20.

Appeal from Circuit Court, Etowah County;  O. A. Steele, Judge.

Frank Lyles was convicted of violating the prohibition law, and appeals.  Reversed and remanded.

W. J. Boykin, of Gadsden, for appellant.

The court was in error in its oral charge, as well as in refusing the charges requested by the defendant.  31 Cyc. 924, and notes.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The exception to the oral charge presents nothing for review.  187 Ala. 570, 65 South. 939; 16 Ala. App. 119, 75 South. 711.

BRICKEN, P. J.  [1] Since the passage and approval, on January 25, 1919 of the act known as the "Weekly Bone Dry Law" (Acts 1919, p. 6), it has been unlawful for any person to have in his possession, or. to possess in this 'state, any spirituous, vinous, or malt liquors or any other prohibited liquors or beverages, in any quantity whatsoever.  This act contains some exceptions relative to wine or cordial made from grapes or other fruit when grown by the person making the same for his own domestic use, upon his own premises, but these exceptions are of no moment in the case at bar, as they are in no manner applicable to this proceeding.

[2] In this case the court practically charged the law as above stated, and in addition thereto stated:

"If he [defendant] had this whisky in his possession, and you are satisfied beyond a reasonable doubt from the evidence that he did have it in his possession, he is guilty as charged in this indictment, and it would be your duty to find him so."

In this there was error, for the reason that neither count in the indictment contained the charge or allegation to which this statement of the law is applicable.  The defendant under the terms of the indictment was not called upon to answer the charge of simply having in his possession the whisky in question, for each of the two counts of the indictment contains the qualifying phrase that such alleged possession was for the purpose of sale or other unlawful disposition.  While it is true that under the evidence in this case it was for the jury to say whether or not the defendant had the whisky for sale, or other unlawful disposition, in the absence of the specific charge that he unlawfully had possession of the whisky, a verdict of guilty for such mere possession, in the absence of such an averment in the indictment, would be unauthorized.

Under the issues raised by the indictment and the defendant's plea of not guilty in this case the inquiry extended only to the question as to whether at the time and place as contended had the defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law.  These several alternative averments are contained in the indictment, and cannot be enlarged upon or extended to include other specific offenses not so averred.  It therefore follows that the portion of the oral charge excepted to, while stating a correct proposition of law under an indictment containing such an averment, was error in this case the proposition of law so announces not being applicable to any issue involved.

Over the objection and exception of the defendant while being cross-examined by the solicitor he was required to testify that he had formerly been convicted in the county court and sentenced to the road for violating the Prohibition Law.

[3] If this testimony was adduced for the purpose of affecting the credibility of the defendant as a witness, it was error. Abrams v. State, 84 South. 862,[1] and cases cited. It was error for the reason that under the provisions of sections 4008 and 4009, Code 1907, a witness, even though he be the defendant, may be examined touching his conviction for any crime which involves moral turpitude only, the purpose of such testimony being to affect his credibility as a witness, but such fact of a prior conviction for a similar offense, even though such offense involved moral turpitude, should have no place in the deliberations of the jury, and must not be considered by them as affecting the question of the guilt or innocence of the defendant on the trial then pending. The offense of violating the Prohibition Law, as charged in this indictment, as well as the offense of which this defendant was formerly convicted, as shown by the record, does not involve moral turpitude, and the evidence was therefore improperly admitted if offered for the purpose of affecting the credibility of defendant's testimony. Abrams Case, supra; Pippin v. State, 197 Ala. 613, 73 South. 340; Fuller v. State, 147 Ala. 37, 41 South. 774; Moore v. State, 12 Ala. App. 243, 67 South. 789; Moore v. State, 10 Ala. App. 179, 64 South. 520.

[4] If this testimony was permitted for the purpose of showing that the charge contained in the indictment was a second or subsequent offense, it was also error, as expressly held in the case of Willingham v. State, 10 Ala. App. 161, 64 South. 544; Schroeder v. State, 84 South. 309.[2] Recent statutes on the question of suppressing intemperance and providing punishments for the violation of the prohibition laws have in no manner changed the rule of evidence, and the purpose thereof, as provided in sections 4008 and 4009, Code 1907. It is true that under the several statutes Acts 1919, p. 17, § 20, Acts 1915, p. 2, § 3, and page 6, § 14, and Acts 1909, p. 10, § 3, on the second and every subsequent conviction of a violation of the several statutes supra, in addition to the fine which may be imposed by the jury, the convicted party shall be confined to hard labor for not less than three nor more than six months, but the jury have nothing whatever to do with this matter, the several statutes expressly providing that the additional punishment must be fixed by the judge or court trying the case. As will be seen the additional punishment for the second and every subsequent offense relates to the hard labor sentence, and has no reference whatever to the fine to be imposed by the jury. It follows therefore that evidence of this character should not be submitted to the jury, and that the proper and only thing to do after defendant's conviction for the second or subsequent offenses is for that fact to be brought to the attention of the court, for the court only has the right, and it is the duty of the court, in determining what hard labor punishment it will inflict upon defendant, to ascertain for itself from the records or other legitimate source whether or not the defendant had been previously convicted of violating the Prohibition Law. But, as held in the Willingham Case, supra:

"Certainly such fact of a prior conviction for a similar offense has and should have no place in the deliberations of the jury upon the guilt or innocence of the defendant on the present trial."

See, also, Schroeder v. State, 17 Ala. App. 246, 84 South. 309.

The cursory provision of the statute (Acts 1915, pp. 30, 31, § 29½) which provides:

"And in any prosecution for a second or subsequent offense it shall not be requisite to set forth in the indictment, information, complaint or affidavit, the record of a former conviction, but it shall be sufficient briefly to allege such conviction"

—cannot be construed or so interpreted as to modify, change, or alter the plain and specific rule provided for in sections 4008, 4009, Code 1907, and the numerous opinions of this court and the Supreme Court upon this question.

For the errors pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 17 Ala. App. 379.          [2] 17 Ala. App. 246.