(93 South. 471)

## Ex parte MARSHALL.

### MARSHALL v. STATE.　(4 Div. 997.)

(Supreme Court of Alabama.　May 25, 1922.)

**Witnesses ⬅345(2)—Distilling liquor does not involve moral turpitude, and may not be proved to attack credibility.**

Under Code 1907, § 4008, providing no objection can be taken to competency of a witness for conviction, except for certain crimes, but that conviction of crime involving "moral turpitude" goes to credibility of witness, it was error to show by a witness that he had been convicted for making liquor; such act not involving moral turpitude, notwithstanding Gen. Acts 1919, p. 16, § 15, declaring manufacture of whisky a felony.

Certiorari to Court of Appeals.

Isaac Marshall was convicted of violating the prohibition law, and, on affirmance of the judgment by Court of Appeals, he petitions for certiorari to review and revise the judgment of the Court of Appeals.　Writ awarded; reversed and remanded.

For decision of Court of Appeals, in conformity to judgment herein, see 93 South. 380.

The petition recites the conviction of Isaac Marshall, for violation of the prohibition law, in the circuit court of Covington county, appeal to the Court of Appeals from said judgment and conviction, and affirmance thereof by the Court of Appeals.　The petition further recites:

"On the trial of the case in the circuit court, the state, on cross-examination of petitioner as a witness, asked petitioner the following question: '(2) Now, Ike, you have been convicted before for making liquor, haven't you?' Petitioner's counsel objected to the question, the court overruled the objection, and petitioner's counsel then and there duly and legally excepted.　Petitioner answered, 'Yes, sir.' Further cross-examination by the state disclosed that this conviction was four or five years before in Montgomery.　These facts were all duly and legally presented in the proper manner for consideration by said Court of Appeals.　In its opinion handed down, affirming the case, the Court of Appeals held, in substance, that by virtue of section 15 of the act of Legislature approved January 25, 1919, making manufacture of whisky a felony, a witness may be examined touching his conviction for making liquor, and if he has been so convicted such fact goes to his credibility as a witness. * * *"

Powell & Reid, of Andalusia, for petitioner.

Defendant's objection to the state's question whether defendant had been convicted before for making liquor should have been overruled.　This is not an offense involving moral turpitude.　206 Ala. 180, 89 South. 605;

197 Ala. 613, 73 South. 340; 165 Ala. 136, 51 South. 758.

Harwell G. Davis, Atty. Gen., for the State.

No brief of counsel reached the Reporter.

ANDERSON, C. J.　Section 4008 of the Code of 1907 provides that no objection can be taken to the competency of a witness because of conviction for crime, except perjury or subornation of perjury, "but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility."　This court has several times defined the words "moral turpitude," as used in this provision, as meaning something immoral in itself, regardless of the fact that it is punished by law.　It must not merely be mala prohibita, but the act itself must be inherently immoral.　The doing of the act itself, and not its prohibition by statute, fixes the moral turpitude.　Pippin v. State, 197 Ala. 613, 73 South. 340; Gillman v. State, 165 Ala. 135, 51 South. 722.　This court has also expressly held that a conviction for distilling liquor did not involve moral turpitude, and that it was reversible error to permit proof of such a fact to affect the credibility of a witness.　Lakey v. State, 206 Ala. 180, 89 South. 605.

The Court of Appeals concedes that this evidence would have been improper so long as distilling was a misdemeanor, but grounds its present holding upon the fact that it has been made a statutory felony by section 15 of the Prohibition Act of 1919 (Gen. Acts 1919, p. 16), since the rendition of the foregoing decisions and relies on the case of Fuller v. State, 147 Ala. 35, 41 South. 774.　As above indicated, it is the nature of the act and not its legislative characterization or punishment which must be the test in determining whether or not it involves moral turpitude.　True, there are dicta in this Fuller Case which would indicate that the conviction for any felony, common-law or statutory, affected the credibility of the witness, under the statute as it then existed; but this was in direct conflict with Gordon v. State, 140 Ala. 29, 36 South. 1009 and cases there cited.　It is unnecessary, however, for us to now attempt to reconcile these cases, for, as pointed out in the Pippen Case, supra, the statute underwent a change since they were rendered, and when placed in the present Code, and the words "moral turpitude" as there inserted have received a well-known and established definition by this court.

The judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded; reversed and remanded.　All Justices concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes