(103 So. 480)

## BERTALSEN v. STATE.   (1 Div. 563.)

(Court of Appeals of Alabama.   March 24, 1925.)

**1. Criminal law 1130(4) — Questions apparent on record or reserved by bill of exceptions considered notwithstanding absence of brief.**

Although no brief is filed by accused, under Code 1923, § 3258, all questions apparent on record or reserved by bill of exceptions will be considered.

**2. Witnesses 337(6)—Cross-examination of accused bringing out prior conviction for selling whisky prejudicial.**

In prosecution for unlawfully having in possession prohibited liquors, cross-examination of accused, properly objected and excepted to, bringing out prior conviction for selling whisky held prejudicial.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Reinart Bertalsen was convicted of a violation of the prohibition laws, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence of defendant's conviction for selling liquor was relevant. Allison v. State, 1 Ala. App. 206, 55 So. 453.

BRICKEN, P. J. The prosecution against this defendant in this case was commenced in the inferior criminal court of Mobile county, the charge being a violation of the prohibition laws of the state by unlawfully having in his possession prohibited liquors. From a judgment of conviction in said court, he appealed to the Mobile circuit court, and was there tried by the court without a jury for the same offense. He was again convicted and from the judgment of conviction in the circuit court this appeal was taken.

[1] No brief has been filed in behalf of appellant, although it appears from the record he was represented by counsel in the circuit court. However, the law places upon the appellate court the duty of considering all questions apparent on the record or reserved by bill of exceptions, etc. Section 3258, Code 1923.

[2] On the trial below, as shown by the bill of exceptions contained in this transcript, several rulings of the court were invoked upon the admission of evidence, and the exceptions taken in this connection are relied upon to effect a reversal of the judgment appealed from. The several rulings complained of as constituting error have been examined. Some of these rulings appear of doubtful propriety, especially those relating to a still found in the woods in the vicinity of defendant's place of residence. This defendant in this case was not charged with the possession of a still, and the facts incident to a still being found in that community were not necessary to a conviction of the offense with which he was charged, and for which he was alone required to answer. In the case of Dennison v. State, 17 Ala. App. 674, 88 So. 211, this court discussed the rule as to the admission of evidence of another offense than that charged. Here, we do not deem it necessary to go further into this question, as the judgment appealed from will have to be reversed because of manifest error in the ruling of the court in permitting the state, over the objection of the defendant, to show on the cross-examination of defendant that he had formerly been convicted of selling whisky. The question asked by the solicitor was: "Have you ever been convicted of selling whisky out there?" Objection was overruled, and over defendant's further objection and exception he was forced to answer and did answer, "I have never been convicted but one time, and they got me with a gallon and a half." A witness cannot be discredited in this manner. As the following cases are clear on this point, they will merely be cited, and further comment on the proposition is unnecessary. Abrams v. State, 17 Ala. App. 379, 84 So. 862; Jimmerson v. State, 17 Ala. App. 552, 86 So. 153; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Tapscott v. State, 18 Ala. App. 67, 88 So. 376; Brown v. State, 18 Ala. App. 275, 90 So. 278; Martin v. State, 18 Ala. App. 303, 92 So. 37; Burnett v. State, 18 Ala. App. 318, 91 So. 893; Adams v. State, 18 Ala. App. 524, 93 So. 292; Mar-

---

shall v. State, 18 Ala. App. 526, 93 So. 380; Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338; Lakey v. State, 206 Ala. 180, 89 So. 605; Pippin v. State, 197 Ala. 613, 73 So. 340.

Reversed and remanded.