(104 So. 685)

## SHIELDS v. STATE. (8. Div. 256.)

(Court of Appeals of Alabama. June 9, 1925.)

1. Criminal law ☞1178—Accused will be given benefit of error whether mentioned in brief or not.

On appeal from conviction, court will give accused benefit of error, to which he may be entitled, and to which he has entered proper objection and exception, whether mentioned in brief or not.

2. Witnesses ☞337(6)—Cross-examination of accused as to former conviction for violation, of prohibition law prejudicial error.

In prosecution for violating prohibition law, cross-examination of accused, over objection, as to former conviction for violation of prohibition law, *held* prejudicial error.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Gilbert Shields was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

Williams & Chenault, of Russellville, for appellant.

If there is nothing but suspicion connecting the defendant with the offense, he is entitled to the affirmative charge. Berry v. State, ante, p. 102, 100 So. 922; Hobdy v. State, ante, p. 44, 100 So. 571; Ballentine v. State, 19 Ala. App. 261, 96 So. 732; Hill v. State, 19 Ala. App. 483, 98 So. 317.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

BRICKEN, P. J. The defendant, under the undisputed evidence in this case, was clearly entitled to the general affirmative charge, and it was error to a reversal for the court to refuse it. It would be unconscionable to permit a judgment of guilt to stand where the judgment is based upon such evidence as adduced upon this trial. Admitting as being true every statement made by the witnesses for the state, there is an absolute lack of evidence to connect the defendant therewith. In other words, if the evidence discloses that a crime had been committed, aside from the fact that said offense was perpetrated in the vicinity of the defendant's home, there is no evidence in this record that he committed the offense complained of, or that he had any connection therewith or even knowledge thereof. The earnest insistence of appellant's counsel to this end is well taken and must be sustained.

[1, 2] Another reversible error appears, although it is not mentioned in brief of either party. Under the law, however, this being a criminal prosecution, it is the duty of this court to give the appellant such benefit of the error as he may be entitled. Over the objection and exception of defendant, he was forced to testify that on a former occasion he had been convicted for a violation of the prohibition law. The bill of exceptions shows the following in this connection, while the defendant was being cross-examined by the state:

"Q. You have been convicted in this county for violation of the prohibition law? (Defendant objected on the grounds that it was irrelevant, illegal, and immaterial. The court overruled the objection, and defendant reserved an exception.) Answer. Yes; I was caught with some whisky and was fined. Q. You pleaded guilty and paid it off? Answer. Yes, sir."

In this ruling the court committed reversible error. This question has been expressly decided in the following cases, therefore further discussion here need not be indulged: Abrams v. State, 17 Ala. App. 379, 84 So. 862; Jimmerson v. State, 17 Ala. App. 552, 86 So. 153; Lyles v. State, 18 Ala. App. 62, 88 So. 375; Pippin v. State, 197 Ala. 613, 73 So. 340; Fuller v. State, 147 Ala. 37, 41 So. 774; Moore v. State, 12 Ala. App. 243, 67 So. 789; Moore v. State, 10 Ala. App. 179, 64 So. 520; Tapscott v. State, 18 Ala. App. 67, 88 So. 376; Lakey v. State, 206 Ala. 180, 89 So. 605; Swope v. State, 4 Ala. App. 87, 58 So. 809; Brown v. State, 18 Ala. App. 275, 90 So. 278; Burnett v. State, 18 Ala. App. 318, 91 So. 893; Adams v. State, 18 Ala. App. 524, 93 So. 292; Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338; Bertalsen v. State (Ala. App.) 103 So. 480.[1] These decisions, and many others which could be cited, hold in effect:

"The evidence thus required of the defendant was calculated very seriously to prejudice him

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 539.

in the eyes of the jury, and should not have been admitted."

Let the judgment of conviction appealed from be reversed. The cause is remanded.

Reversed and remanded.

