(110 So. 63)

**WALTERS v. STATE.    (7 Div. 136.)**

(Court of Appeals of Alabama.    Oct. 26, 1926.)

**1. Criminal law ⬡1170½(5).**

In prosecution for distilling and possessing a still, cross-examining defendant to secure admission of his possession of a different still at time of instant offense was harmless error, where admission was not obtained.

**2. Criminal law ⬡829(1), 1173(1).**

Refusing instructions when principle of law embodied was otherwise given, or instruction stated incorrect proposition of law, or was misleading or. abstract, *held* not prejudicial error.

**3. Criminal law ⬡822(1).**

In determining whether charge is erroneous, it must be construed as a whole.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

A. M. Walters was convicted of violating the prohibition statutes by distilling certain liquors and by having in his possession a still, etc., and he appeals. Affirmed.

L. L. Saxon, of Columbiana, for appellant.

Defendant may not be cross-examined as to other crimes. Rains v. State, 88 Ala. 99,

7 So. 315; Clarke v. State, 87 Ala. 71, 6 So. 368. For definition of reasonable doubt, see Peagler v. State, 110 Ala. 11, 20 So. 363; Ray v. State, 50 Ala. 104; Bain v. State, 74 Ala. 38; Welsh v. State, 96 Ala. 92, 11 So. 450.

Harwell G. Davis, Atty. Gen., and Chas. H Brown, Asst. Atty. Gen., for the State.

The exception to the oral charge is without merit. Holladay v. State, 20 Ala. App. 76, 101 So. 86. The cross-examination of defendant was proper. Blackstone v. State, 19 Ala. App. 582, 99 So. 323.

RICE, J. There was a general verdict of guilty under an indictment consisting of two counts, the first charging appellant with the offense of violating the prohibition statutes by distilling certain liquors, and the second charging a like violation by having in his possession a still, etc. The evidence on behalf of the state amply supported the verdict returned. There was therefore no error in refusing any of the written requested affirmative charges in behalf of the defendant.

[1] The only exceptions reserved on the taking of testimony had to do with the effort of the solicitor to bring out from the defendant, on his cross-examination, the admission that the said defendant had in his possession, at the time of the occurrence of the offense for which he was on trial, another and different "still" from the one involved in this case. We do not think such testimony was admissible, but, as in each instance the solicitor failed to get any such admission, we do not see how the appellant was injured by the questions.

[2] The law of the case was very fully and fairly given to the jury by the trial court's excellent oral charge. In addition, a large number of written charges was given at the defendant's request. We have examined with care the written requested charges which were refused to the defendant, and, in each instance, we find either that the same principle of law embodied in the charge was otherwise given to the jury, or that the same stated an incorrect proposition of law, or was misleading or abstract. There was, in our opinion, prejudicial error in refusing none of them.

[3] The exception to the specified portions of the court's oral charge we do not think well taken. The learned trial judge seems to have done about as well in defining a "reasonable doubt" as the appellate courts have, so far, been able to do. At any rate the charge construed as a whole, as it must be, was, we think, correct and fair to the defendant.

We find nowhere any prejudicial error, and the judgment is affirmed.

Affirmed.