**BAUGH v. STATE.** (8 Div. 889.)

Supreme Court of Alabama. March 31, 1927.

**1. Witnesses ⟷345(2)—Distilling liquor is not crime involving "moral turpitude," and conviction thereof is inadmissible to impeach credibility of witness (Code 1923, §§ 7722, 7723).**

Under Code 1923, §§ 7722, 7723, distilling of liquor is not a crime involving moral turpitude though made statutory felony, and conviction of such offense may not be shown in impeachment of credibility of witness for state or defendant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Moral Turpitude.]

**2. Constitutional law ⟷70(1)—Change in long settled construction of statute defining convictions, affecting credibility of witness, must be made by Legislature.**

In dealing with long settled construction of statute defining cases wherein conviction shall be deemed to affect credibility of witness, any change must come by legislation defining what classes of violators of prohibition laws may be impeached by proof of such violation.

**3. Criminal law ⟷1170½(1)—Impeachment of eyewitness for defendant, whose testimony depended on his credibility, by showing witness pleaded guilty of manufacturing liquor, held reversible error.**

Impeachment of witness for defendant, prosecuted for murder, by showing witness had pleaded guilty to manufacturing liquor, deprived defendant of right to have evidence weighed without impeaching evidence and was reversible error, where witness was an eyewitness to difficulty resulting in murder and reasonableness of testimony depended on his credibility.

**4. Witnesses ⟷337(2)—Defendant as witness in own behalf may be impeached by evidence of general character.**

Defendant, who becomes witness in own behalf, may be impeached as other witnesses by evidence of general character, which need not be limited to character for truth and veracity.

**5. Criminal law ⟷673(3)—Court must instruct, on request, that impeaching testimony affects only weight and credibility, and is not evidence of guilt.**

Where witness is impeached by proof of general bad character, court must instruct, on proper request, that testimony is to be considered only in passing on weight and credibility of evidence, not as evidence of guilt of offense charged, unless defendant has put good character in issue.

**6. Criminal law ⟷776(7)—Instruction that jury should consider testimony of defendant's general bad character, in determining whether he provoked difficulty, was error.**

In prosecution for murder, it was error to instruct jury that evidence of defendant's general bad character should be considered to determine whether or not he provoked difficulty or was aggressor.

**7. Homicide ⟷118(3)—Person entitled to defend himself, attacked in own dwelling, need not retreat though assailant resides in same dwelling.**

Person, attacked in own dwelling under conditions otherwise entitling him to strike in self-defense, need not retreat although assailant also resides in same dwelling, there being no place to which law requires him to retreat.

**8. Criminal law ⟷819—Error in instruction on question of duty to retreat held cured, where instruction was withdrawn before jury retired, and correct instruction given.**

Where court erred in instruction on question whether defendant was required to retreat, but before jury retired, and on exception by defendant, instruction was withdrawn and correct instruction given, error was cured.

**9. Criminal law ⟷1144(½)—Presumptions are in favor of court's action, in determining on review whether erroneous ruling has been sufficiently corrected.**

In reviewing whether erroneous ruling has been sufficiently corrected, either in receiving evidence or by instructions to jury, all fair presumptions will be indulged in favor of action of court.

**10. Criminal law ⟷1144(16)—Jury should be credited with desiring only to do their duty and with being men of fair intelligence.**

Jury should be credited with being men of fair intelligence, desiring nothing but to do their duty, under oath.

Appeal from Circuit Court, Lauderdale County; Norman Gunn, Special Judge.

Bob Baugh was convicted of murder in the first degree, and he appeals. Reversed and remanded.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bradshaw & Barnett, of Florence, for appellant.

The offense of manufacturing prohibited liquor does not involve moral turpitude, and a witness cannot be impeached by showing he has been convicted of, or pleaded guilty to, such a charge. Marshall v. State, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338. When a defendant testifies as a witness, he is subject to impeachment by proof of his bad character, but such proof must be limited by the court to the purpose of impeaching his credibility as a witness. Brown v. State, 20 Ala. App. 39, 100 So. 616; Smith v. State, 197 Ala. 193, 72 So. 316. One does not have to retreat from his own home when attacked therein, even though his assailant lives in the same house. Hutcheson v. State, 170 Ala. 29, 54 So. 119; Watts v. State, 177 Ala. 24, 59 So. 270; Jones v. State, 76 Ala. 8. The injury done by an erroneous instruction is not cured by a withdrawal of it; the withdrawal must be express and in language so explicit as to preclude the inference that the jury might have been influenced by the erroneous instruction. If the charge is of a high prejudicial nature and illegal, the harm cannot be eradicated by a statement made by the court. Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Smith v. State, 15 Ala. App. 662, 74 So. 755; 38 Cyc. 1787; Brown v. State, 20 Ala. App. 39, 100 So. 616.

Charlie C. McCall, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

The case of Marshall v. State, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338, does not apply in this case. The oral charge of the court must be considered as a whole. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St. Rep. 17. The injury done by an erroneous instruction may be cured by its withdrawal and the law correctly charged. Williams v. State, 112 Ala. 688, 21 So. 1028. On cross-examination of a character witness, it is not error to allow the state to ask about the defendant's reputation as to particular traits. Balkum v. State, 115 Ala. 117, 22 So. 532, 67 Am. St. Rep. 19; Cauley v. State, 92 Ala. 71, 9 So. 456; Mitchell v. State, 14 Ala. App. 46, 70 So. 991; Thornhill v. State, 14 Ala. App. 647, 72 So. 297.

BOULDIN, J. [1] In Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A. L. R. 338, this court, all the Justices concurring, and following the established construction of the Code, §§ 7722, 7723, held that distilling liquor is not a crime involving moral turpitude, although made a statutory felony, and conviction of such offense may not be shown in impeachment of the credibility of a witness. Lakey v. State, 206 Ala. 180, 89 So. 605; Pippin v. State, 197 Ala. 615, 73 So. 340; Gillman v. State, 165 Ala. 135, 51 So. 722; Smith v. State, 159 Ala. 68, 48 So. 668;

Gordon v. State, 140 Ala. 29, 36 So. 1009; Clifton v. State, 73 Ala. 473.

The rule stated in Ex parte Marshall has been often followed and applied to witnesses for the state as well as defendant. Webster v. State, 19 Ala. App. 587, 100 So. 201; Ex parte Webster, 211 Ala. 316, 100 So. 202; Shields v. State, 20 Ala. App. 639, 104 So. 685.

Since the decision in the Marshall Case, the statute has been readopted without change. It must now be regarded as the settled law of Alabama. 40 A. L. R. (note) 1050.

[2] Whatever of moral turpitude inheres in the willful violation of penal laws is not to the point. Whatever conflict of decision appears elsewhere, and whatever be our views as to the moral turpitude involved in the conduct of a business outlawed by the Constitution and laws of our country, in dealing with the long settled construction of a statute defining the cases wherein a conviction shall be deemed to affect the credibility of a witness, any change must come by legislation defining what classes of violators of the prohibition laws may be so impeached.

[3] On cross-examination of defendant's witness, Shelby Richardson, the state, over apt objection, was permitted to show that the witness had recently pleaded guilty to the offense of manufacturing liquor. The testimony of this witness, claiming to be an eyewitness to much of the difficulty resulting in the killing of defendant's wife, was corroborative of the defendant as to important details of the tragedy. The probative force of his testimony, taken in the light of its own reasonableness or unreasonableness and in connection with the whole evidence, turned much upon the credibility of this witness. The impeachment of the witness by illegal testimony deprived the defendant of the right to have it weighed by the jury unweakened by such impeaching evidence.

Under our decisions, the error in admitting the evidence that the witness had been convicted of distilling must work a reversal of the case.

[4, 5] A defendant, who has become a witness in his own behalf, may be impeached as other witnesses. To that end the state may adduce evidence of his general character. The question asked need not be limited to character for truth and veracity. General bad character goes to the credibility of a witness. It is the duty of the court, and, on proper request, he must instruct the jury that such testimony is to be considered only in passing upon the weight and credibility of his evidence, not as evidence of guilt of the offense charged, unless the defendant has put his good character in issue. Sweatt v. State, 156 Ala. 85, 88, 47 So. 194; Cox v. State, 162 Ala. 66, 70, 50 So. 398; Fields v. State, 121 Ala. 16, 18, 25 So. 726; Byers v. State, 105 Ala. 31, 16 So. 716; Mitchell v.

State, 94 Ala. 68, 10 So. 518; Dolan v. State, 81 Ala. 11, 18, 1 So. 707; Ward v. State, 28 Ala. 53.

[6] There was no error in admitting the evidence tending to show general bad character of defendant. But it was error to instruct the jury that they should also consider this evidence to determine whether or not he provoked the difficulty or was the aggressor.

[7] A person attacked in his own dwelling, under conditions otherwise entitling him to strike in self-defense, is not required to retreat although his assailant also resides in the same dwelling. There is no place to which the law requires him to retreat. Hutcheson v. State, 170 Ala. 29, 54 So. 119; Watts v. State, 177 Ala. 24, 59 So. 270; Jones v. State, 76 Ala. 8.

[8] The court was in error in his instruction on this proposition in the first instance, but before the jury retired, and on exception by defendant, such instruction was withdrawn and correct instruction given. This cured the error. It was not a case of such prejudicial matter as may not be eliminated.

The point in Brothers v. Brothers, 208 Ala. 258, 94 So. 175, relied upon by appellant, was that the court, after withdrawing his erroneous instruction, failed to give a correct one as had already been requested in writing.

[9] In general, in reviewing whether an erroneous ruling has been sufficiently corrected, either in receiving evidence or by instructions to the jury, all fair presumptions will be indulged in favor of the action of the court.

[10] A jury should be credited with being men of fair intelligence, desiring nothing but to do their duty under oath.

Many questions were raised on the trial, and several are argued in brief. Most of them are without merit, governed by well-known rules which need not be repeated.

What we have written will probably be a sufficient guide on another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.