188 So. 273

## SLAYTON v. STATE.

### 7 Div. 408.

Court of Appeals of Alabama.

March 7, 1939.

Rehearing Denied April 18, 1939.

---

[1] Ante, p. 73.

J. A. Johnson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of unlawfully being in possession of a "still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages." Code, § 4656.

It is true the indictment was returned in 1932, several years before the passage of the "Alabama Beverage Control Act" (Gen. and Local Acts of Ala. Extra Session 1936–1937, p. 40); but whether so or not would be immaterial, since by express provision of Sec. 61 of said Alabama Beverage Control Act the law under which this appellant is prosecuted is not repealed.

The judgment of conviction must be reversed, though, because of the erroneous admission of evidence; as we will point out.

Appellant, testifying for himself, was, on cross-examination, interrogated by the Solicitor as follows, to wit: "Virgle, you have been convicted for the offense of distilling about twice before this, haven't you?"

Over his objection—due exception being reserved—appellant was required to answer the question, and replied: "Yes, I have been convicted twice."

Our Supreme Court has definitely branded testimony, such as that elicited above, illegal, Ex parte Marshall, Marshall v. State, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338, and we have held it to be reversible error to admit same. Gooch v. State, 23 Ala.App. 437, 126 So. 607.

We can see no difference in principle—or, in fact—between the situation here presented, and that presented in the Ex parte Marshall, Marshall v. State case cited.

And upon the authority of the holding therein announced, the judgment here appealed from is reversed and the cause remanded.

Reversed and remanded.