20 So.2d 604

## PINKERTON v. STATE.

### 6 Div. 118.

Court of Appeals of Alabama.

Jan. 16, 1945.

Pennington & Tweedy, of Jasper, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of unlawfully transporting, etc., more than five gallons of whiskey in Fayette County, Alabama, this appeal was taken.

The corpus delicti, that is to say, the body or essence of the offense, charged in the indictment in this case, was fully proven without dispute or conflict.

Upon the trial below, the defendant strenuously insisted and so testified that he had no connection with the commission of the offense, and further testified, and offered the testimony of other witnesses to the effect that he was at another and different place some miles distant at the time said crime was perpetrated. This character of defense is termed and designated under the law as an alibi.

The State adduced evidence tending to show the identity of this defendant as being one of the two persons who actually committed the offense complained of in the indictment. This testimony was ample upon which to predicate the judgment of conviction, based upon the verdict of the jury.

Upon this appeal several insistences of error to effect a reversal are presented and argued in briefs.

Several assignments or insistences of error are predicated upon the action of the court in refusing to defendant certain special charges requested by him in writing. Upon examination of the record we discover that the special charges referred to have no endorsement by the trial judge as the law requires. The law provides charges moved for by either party must be in writing, and must be given or refused in the terms in which they were written; and it is the duty of the judge to write given or refused, as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record.

As stated none of these refused charges appear to be endorsed as required

by the Statute, in the absence of which this court will not consider them on appeal. Mason v. State, 16 Ala.App. 405, 78 So. 321; Little v. State, 58 Ala. 265; Batson v. State, 216 Ala. 275, 113 So. 300; Sharpley v. State, 18 Ala.App. 620, 93 So. 210; Wimberly v. State, 204 Ala. 629, 86 So. 900; Little v. State, 23 Ala.App. 547, 129 So. 99; Stinson v. State, 223 Ala. 327, 331, 135 So. 571; Freeland v. State, 28 Ala.App. 268, 270, 182 So. 414; Walters v. State, 30 Ala.App. 547, 9 So.2d 32.

■ As stated hereinabove the evidence adduced upon the trial was in sharp and irreconcilable conflict presenting therefore a jury question; and, while the State insists it made out a strong case tending to show the guilt of the defendant as charged, still under the law the accused was entitled to a fair and impartial trial free from injurious error in the rulings of the court, for the law is, as stated by the Supreme Court, in the case of Patterson v. State, 202 Ala. 65, 68, 79 So. 459, 462:

"The guilty, as well as the innocent, have a right to be tried in accordance with the law of the land. The innocent ought not to be punished, and the law does not intend or provide that they shall be punished; and as to the guilty, the law provides that such shall not be punished except in the mode and manner provided by the law."

■ It has been repeatedly held that the offense of violating the prohibition laws does not involve moral turpitude and does not affect the credibility of a witness and that it is error to permit such testimony, over proper objection, to go before a jury. In support of the foregoing we quote the following excerpts of opinions, towit:

In the case of Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338, the Supreme Court (through Chief Justice Anderson) said:

"This court has also expressly held that a conviction for distilling liquor did not involve moral turpitude, and that it was reversible error to permit proof of such a fact to affect the credibility of a witness."

Chief Justice Anderson, speaking for the court in the case of Mays v. State, 218 Ala. 656, 120 So. 163, 164, also said:

"The defendant proved a good character for peace and quiet. The trial court then permitted the witness, upon cross-examination and over the objection of the defendant, to testify that he (the defendant) had the reputation of a bootlegger. This fact did not affect the defendant's character for peace, or tend to discredit the character witness as to the estimate placed by him upon the defendant's character and was highly improper and prejudicial. Way v. State, 155 Ala. 52, 46 So. 273; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301. Nor was this error cured by the fact that the defendant subsequently testified as a witness, as he could not be impeached upon a mere reputation of being a bootlegger or for a conviction as such for that matter."

Our Supreme Court (Justice Sayre) in the case of Lakey v. State, 206 Ala. 180, 89 So. 605, 606, said:

"Likewise, it was error to allow the state to ask of defendant, when testifying as a witness, whether he was at the time of the killing under a suspended sentence in the federal court for distilling liquor; his answer being 'Yes.' Defendant duly excepted to the ruling which required him to answer this question. We presume the purpose was to discredit the witness. Section 4009 of the Code of 1907 provides that—

" 'A witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence.'

"But, as the Court of Appeals observed in Abrams v. State, 17 Ala.App. 379, 84 So. 862, the foregoing section must be construed in pari materia with section 4008, providing:

" 'No objection must be allowed to the competency of a witness because of his conviction for any crime, except perjury or subornation of perjury; but if he has been convicted of a crime involving moral turpitude, the objection goes to his credibility.'

"We are not advised that distilling liquor involves moral turpitude. Pippin v. State, 197 Ala. 615, 73 So. 340; Swoope v. State, 4 Ala.App. 83, 58 So. 809. The evidence thus required of the defendant was calculated very seriously to prejudice him in the eyes of the jury, and should not have been admitted."

Likewise in the case of Baugh v. State, 215 Ala. 619, 112 So. 157, 158:

"In Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338, this court, all the Justices concurring, and following the established construction of the Code, §§ 7722, 7723 [Code 1940 Tit. 7, §§ 434, 435], held that distilling liquor is not a crime involving moral turpitude, although made a statutory felony and conviction of such offense may not be shown in impeachment of the

credibility of a witness. Lakey v. State, 206 Ala. 180, 89 So. 605; Pippin v. State, 197 Ala. 613, 73 So. 340; Gillman v. State, 165 Ala. 135, 51 So. 722; Smith v. State, 159 Ala. 68, 48 So. 668; Gordon v. State, 140 Ala. 29, 36 So. 1009; Clifton v. State, 73 Ala. 473.

"The rule stated in Ex parte Marshall has been often followed and applied to witnesses for the state as well as defendant. Webster v. Estate, 19 Ala.App. 587, 100 So. 201; Ex parte Webster, 211 Ala. 316, 100 So. 202; Shields v. State, 20 Ala.App. 639, 104 So. 685.

"Since the decision in the Marshall case, the statute has been readopted without change. It must now be regarded as the settled law of Alabama. 40 A.L.R. (note) 1050.

"Whatever of moral turpitude inheres in the willful violation of penal laws is not to the point. Whatever conflict of decision appears elsewhere, and whatever be our views as to the moral turpitude involved in the conduct of a business outlawed by the Constitution and laws of our country, in dealing with the long settled construction of a statute defining the cases wherein a conviction shall be deemed to affect the credibility of a witness, any change must come by legislation defining what classes of violators of the prohibition laws may be so impeached.

"On cross-examination of defendant's witness, Shelby Richardson, the state, over apt objection, was permitted to show that the witness had recently pleaded guilty to the offense of manufacturing liquor. The testimony of this witness claiming to be an eyewitness to much of the difficulty resulting in the killing of defendant's wife, was corroborative of the defendant as to important details of the tragedy. The probative force of his testimony, taken in the light of its own reasonableness or unreasonableness and in connection with the whole evidence, turned much upon the credibility of this witness. The impeachment of the witness by illegal testimony deprived the defendant of the right to have it weighed by the jury unweakened by such impeaching evidence.

"Under our decisions, the error in admitting the evidence that the witness had been convicted of distilling must work a reversal of the case."

Innumerable decisions of the appellate courts of this State of like import could be cited, but we think the quotations from the foregoing cases are conclusive of the questions here presented, and also conclusive of the fact that the trial court, in the case at bar committed error to reverse in ruling that such testimony was admissible "as going to show the credibility of the witnesses." Such was the attitude of the trial court throughout the trial of this case. Error to reversal being thus apparent the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.