33 So.2d 402

### BRYANT v. STATE.

### I Div. 559.

Court of Appeals of Alabama.

Jan. 13, 1948.

Paul S. Jones, of Grove Hill, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was tried on an indictment containing two counts charging respectively the illegal possession of a still and the illegal manufacture of intoxicating liquor.

His trial before a jury resulted in a finding of guilty as to the still possession count. From said conviction and judgment entered pursuant thereto the defendant perfected his appeal to this court.

The evidence presented by the State tended to show that law enforcement officers discovered a complete still suitable for the manufacture of prohibited beverages within about 300 yards of the appellant's house. A well defined path went from appellant's house to the still, and a set of tracks made by heavy work shoes were observed in the trail, soft from a recent rain, going from the appellant's yard to the still, and returning. Near the path, and about 200 yards from appellant's house the officers found a quart of moonshine whiskey hidden behind a log. Two barrels partly filled with mash, and firewood were found at the still, which had the appearance of having been operated within a few days previous to the raid by the officers.

The appellant was not at home when the officers found the still, but returned about an hour later. He voluntarily admitted ownership and operation of the still to the officers, and later signed a written confession to the same effect.

The defendant testifying in his own behalf at the trial below denied ownership of the still, and contended that his statements in the nature of confessions were obtained from him by duress and through ignorance and illiteracy on his part. He also introduced several character witnesses in his behalf.

■ The evidence introduced by the State to show the voluntary character of the appellant's confession was clear and abundant. Certainly it cannot with justification be said that the trial court abused its discretion in concluding that the confessions were admissible. The court having determined the admissible character of the confessions, the jury were the sole judges of the credibility to be attached thereto. Stone v. State, 208 Ala. 50, 93 So. 706.

■ Appellant's counsel earnestly argues that the lower court erred in refusing appellant's several written requests for the affirmative charge, in that, as he contends, there was no proof of the corpus delicti, and therefore the confessions of appellant were inadmissible. Counsel's premise as to failure of proof of the corpus delicti under the facts presented is faulty. The facts and circumstances presented clearly tended prima facie to establish the commission of the crime, i. e. the corpus delicti. Mancil v. State, 21 Ala.App. 18, 104 So. 880. Furthermore, "inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of accused so as to satisfy the jury beyond a reasonable doubt,

and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." Hill v. State, 207 Ala. 444, 93 So. 460, 462; Ryan v. State, 100 Ala. 94, 14 So. 868; Catrett v. State, 19 Ala.App. 311, 97 So. 124; Mancil v. State, supra. The lower court therefore did not err in refusing the affirmative charges requested by appellant.

During the cross examination of the appellant in the trial below he was asked if it were not true that he had been previously sentenced to the penitentiary for making whiskey. Timely and well grounded objection was interposed to this question, which objection was overruled, and an exception duly reserved to said ruling. This question was answered by the appellant in the affirmative.

■ It is now thoroughly established by the opinions and judgments of the appellate courts of this State that a violation of the laws relative to prohibited beverages and their manufacture does not involve moral turpitude, as the term appears in Sections 434 and 435 of Title 7, Code of Alabama 1940, and therefore former convictions for violation of such laws cannot be shown. Lakey v. State, 206 Ala. 180, 89 So. 605; Ex parte Marshall, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338; Slayton v. State, 28 Ala.App. 494, 188 So. 273; Booker v. State, 23 Ala.App. 78, 121 So. 3; Shields v. State, 20 Ala.App. 639, 104 So. 685; Bertalsen v. State, 20 Ala.App. 539, 103 So. 480, and numerous other cases cited in the above authorities.

In his brief the Attorney General admits that the evidence of a prior conviction for distilling was not admissible to affect the appellant's credibility as a witness, but argues that such evidence is admissible as showing another similar offense.

■ It is true that under the decisions of this State in appropriate cases evidence of other similar offenses is admissible when possessing probative value relative to intent, motive, identity, or to show a plan or scheme. See Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81; Lee v. State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala.

401, 13 So.2d 590; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Brasher v. State, ante, p. 13, 30 So.2d 26.

■ However, the showing of the bare fact of a former conviction possesses no real probative force along the above lines. The argument of the Attorney General is therefore untenable, and presents no real reason negativing the error of the lower court in overruling the objection to the question as to whether this appellant had not previously served a penitentiary sentence for making whiskey.

For the error above pointed out this cause must be reversed and remanded, and it is so ordered.

Reversed and remanded.