40 So.2d 108

## GREEN v. STATE.

### 7 Div. 942.

Court of Appeals of Alabama.
Feb. 8, 1949.

Rehearing Denied March 8, 1949.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. Parker, Asst. Atty. Gen., for the State.

CARR, Judge.

The appellant was indicted and tried for manufacturing whiskey and possessing a still. He was convicted under the count charging the former offense.

The accused denied that he was present at the still place at the time of the raid and offered evidence that he was elsewhere. We are in accord with the frank admission of appellant's counsel that on this factual issue a jury question was posed.

If there is merit in any reviewable question which is presented by this record, it must relate to the rulings of the court incident to the introduction of the evidence.

On cross-examination one of defendant's witnesses was interrogated, "Now, you remember not so long ago there was a still that was caught right up there at Elmore's hog pen?" Over objections the witness replied, "Yes, I heard about it."

312

This question followed, "Do you know whose it was?" The court overruled the objections, and the witness answered, "No."

We will set out a number of questions and answers which are taken from the cross-examination of the appellant. In each instance the court overruled objections of appellant's counsel and exceptions were duly reserved.

"Q. (By Mr. Cockrell) You don't know how to set up a still?

"The Witness: No.

"Q. (By Mr. Cockrell) You never did see a still in operation?

"The Witness: No.

"Q. You saw one out there about your hog lot not long before they arrested you too, didn't you? (No answer.)

"Q. (By Mr. Cockrell) You didn't see that one?

"The Witness: No.

"Q. Now, then, just some time before this occasion here, I will ask you if the officers didn't find about a half bushel of malt in your barn?

"The Witness: They found some sprouting corn.

"Q. (By Mr. Cockrell) That was malt, wasn't it?

"The Witness: I don't know whether you would call it malt or sprouting corn.

"Q. You plead guilty—you knew what it was?

"The Witness: They didn't have me charged with malt.

"Q. (By Mr. Cockrell) You had it, didn't you?

"The Witness: The sprouting corn was there.

"Q. (By Mr. Cockrell) What were you doing with that sprouting corn?

"The Witness: Not anything.

"Q. (By Mr. Cockrell) Just keeping it for somebody?

"The Witness: They found it there, they may have been using it.

"Q. And what were you doing with it?

"The Witness: I paid off for that case.

"Q. (By Mr. Cockrell) You were going to use it and they got it?

"The Witness: They got it.

"Q. (By Mr. Cockrell) And you were going to use it, and don't you know you were going to use it to make whiskey with on this very same still we are talking about?

"The Witness: No.

"Q. (By Mr. Cockrell) Were you going to use it on that one that they got at your hog pen?

"The Witness: No, sir.

"Q. (By Mr. Cockrell) Which one were you going to use it at?

"The Witness: I never said I was going to use it at all."

Proof that the appellant had been convicted or pleaded guilty to some offense relating to a violation of our prohibition laws was not admissible for the purpose of testing the credibility of the accused as a witness in his own behalf. Marshall v. State, 207 Ala. 566, 93 So. 471, 25 A.L.R. 338; Marshall v. State, 18 Ala.App. 526, 93 So. 380; Bryant v. State, 33 Ala.App. 346, 33 So.2d 402; Baugh v. State, 215 Ala. 619, 112 So. 157; Pinkerton v. State, 31 Ala.App. 599, 20 So.2d 604.

The Assistant Attorney General insists in brief that the rule of error without injury should be applied. A review of the questions and answers relating to the matter of instant concern is convincing that this position is untenable.

In the case of Walters v. State, 21 Ala. App. 570, 110 So. 63, the incriminating admissions were not obtained.

It appears that the appellant testified that he had never seen a still in operation and did not know how to set one up. In view of this, it is urged that the Solicitor was privileged to show a contrary state of facts, and the admitted evidence had this effect. We do not think that the admission of the immaterial evidence can be justified on this theory. Some of the questions to which the accused was required to respond did not purport to show that he knew how to operate a still. In fact, his witness was interrogated with reference to a still at the hog pen before the appellant was called to testify.

A somewhat similar situation arose in the case of Stowers v. State, 21 Ala.App.

501, 109 So. 561. The accused, on cross-examination, denied that he had been convicted of violating the prohibition law within two years prior thereto. Over timely objections and exceptions the Solicitor was permitted to prove that the defendant had been so convicted. This error alone resulted in a reversal of the judgment below.

It is evincingly clear and uncontrovertibly true that the appellant was forced, over his timely objections, to declare that he had been implicated in some infraction of the law that was wholly disassociated with the case he was called upon to defend.

In Osborn v. State, 32 Ala.App. 188, 23 So.2d 14, 17, the Presiding Judge of this court observed:

"It is a well settled rule that in a prosecution for a particular offense evidence tending to show defendant guilty of another and distinct offense, disconnected with the crime charged, is inadmissible; the manifest purpose of this rule being to prevent prejudice to the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not indicted, to which he is not finally to answer, and building up a conviction on inference of guilt from the fact that he had committed another offense. The justice, fairness, and reason for the rule is apparent, and, as said in the case of Gassenheimer v. State, 52 Ala. 313: 'A strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice.'" See also, Lyles v. State, 18 Ala.App. 62, 88 So. 375.

We will not enter into any lengthy discussion of the matter, but will cite a number of authorities which are in point and controlling: Booker v. State, 23 Ala.App. 78, 121 So. 3; Slayton v. State, 28 Ala.App. 494, 188 So. 273; Cockrell v. State, 32 Ala.App. 618, 29 So.2d 152; Lakey v. State, 206 Ala. 180, 89 So. 605; Hill v. City of Prattville, 13 Ala.App. 643, 69 So. 227; Abrams v. State, 17 Ala.App. 379, 84 So. 862; Tapscott v. State, 18 Ala.App. 67, 88 So. 376; Bertalsen v. State, 20 Ala.App. 539, 103 So. 480; Shields v. State, 20 Ala.App. 639, 104 So. 685; Willingham v. State, 10 Ala.App. 161, 64 So. 544.

The evidence, in our view, was inadmissible for any purpose. Therefore, the interposition of general objections sufficiently presents the questions for our review. Washington v. State, 106 Ala. 58, 17 So. 546; McClellan v. State, 117 Ala. 140, 23 So. 653.

We have not undertaken the task of treating each presented point separately. The effect of our holding is that the State was permitted to bring into the evidence other unrelated offenses. This result was obtained by the responses to several of the questions which we have herein set out. On this account prejudice inured to the rights of the accused.

It is ordered that the judgment of the circuit court be reversed and the cause remanded.

Reversed and remanded.