(119 So. 595)

### STRINGER v. STATE. (3 Div. 624.)

Court of Appeals of Alabama. Jan. 15, 1929.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. There was no conflict in the evidence in this case, and the court properly directed a verdict for the state by giving the affirmative charge requested in writing. The undisputed evidence made out a case against the appellant under the first three counts of the indictment. Each of these counts charged in the alternative that he "kept" spirituous, vinous, or malt liquors, contrary to law. The evidence showed conclusively that at the time of his arrest the defendant had a one-gallon jug of whisky in a Ford car which he .was driving, and which was admittedly his whisky, and in his possession.; .

Appellant cites the case of Lyles v. State, 18 Ala. App 62, 88 So. 375, upon which authority he insists that a reversal of the judgment of conviction appealed from should be had. This insistence is without merit. The indictment in the instant case differs materially from the indictment in the Lyles Case to the extent that there is no analogy whatever. Here, as stated, the indictment charged that he "kept" spirituous, vinous, or malt liquors, contrary to law. This averment is equivalent and is of the same import that he had in his possession the prohibited liquor. The mere fact that the whisky was "kept" by him or in his possession in the automobile in no manner varies or changes the status.

The rulings of the court upon the admission of evidence to which exceptions were reserved are so clearly free from injurious error they need not be discussed,

The record is regular in all things. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.

(119 So. 598)

### HAWTHORNE v. STATE. (6 Div. 428.)

Court of Appeals of Alabama. Jan. 15, 1929.

Cora R. Thompson, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. Defendant was convicted of murder in the second .degree and appeals.

There is no bill of exception, in the absence of which we do not review the charges refused, nor the action of the court .in overruling the motion for a new trial.

There is no error in the record, and the judgment is affirmed.

Affirmed.