(92 South. 37)

## MARTIN v. STATE. (4 Div. 643.)

(Court of Appeals of Alabama. June 30, 1921. Rehearing Denied Nov. 15, 1921.)

1. Criminal law ⚖️742(1)—Contention testimony of witness was incredible raises question for jury.

The contention by accused that the testimony of several of the state's witnesses was unreasonable and not worthy of belief raises a question solely for the jury.

2. Witnesses ⚖️270(2)—Cross-examination of prosecutrix to show warning not to move onto plantation held improper.

In a prosecution for assault with intent to murder, where prosecutrix was shot while in her room by some one outside a window, an attempted cross-examination by accused of prosecutrix and the members of her family to show that they had been warned not to move onto the plantation where they were living when the shooting occurred was not admissible.

3. Homicide ⚖️178(2)—Promise of owner of plantation to protect family of prosecutrix held inadmissible.

In a prosecution for assault with intent to murder, evidence on behalf of accused that the owner of the plantation on which prosecutrix and her family were living had promised them he would protect them if they moved onto the place, notwithstanding the warning they had received, was inadmissible, since defendant could not offer evidence to show an incentive to another to commit the crime, though he could show, if possible, that another had done so.

4. Criminal law ⚖️670—Offer to prove warning to prosecutrix held insufficient.

In a prosecution for assault with intent to murder, defendant's offer to prove that prosecutrix and her family had been warned not to move onto the plantation where they were living when the shooting occurred was properly refused, since it was not stated by whom the warning was given, so that the evidence might have shown it was given only by defendant.

5. Witnesses ⚖️337(6)—Former conviction of defendant for burglary can be shown to affect credibility.

Where accused testified in his own behalf, it was proper to permit the state to examine him as to a former conviction for burglary which involved moral turpitude and was admissible as affecting the credibility of defendant as a witness.

6. Criminal law ⚖️753(2)—Conflicting testimony sufficient, if that for state was believed, to show guilt justifies refusal of affirmative charge.

Where the testimony was conflicting, but that for the state was sufficient, if believed, to establish defendant's guilt beyond a reasonable doubt, the affirmative charge requested by defendant was properly refused.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Rich Martin was convicted of assault with intent to murder, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant.

Counsel discuss the various assignments of error, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The charge as to false swearing was properly refused. 16 Ala. App. 539, 79 South. 675. It was proper for the state to show that the defendant had been convicted of burglary. 17 Ala. App. 379, 84 South. 862; section 4008, Code 1907. Counsel discuss the other assignments, but without further citation of authority.

BRICKEN, P. J. The indictment in this case charged the defendant with the offense of assault with intent to murder. He was convicted as charged, and was duly sentenced to imprisonment in the penitentiary for not less than three nor more than four years.

The rulings of the court upon the admission and rejection of testimony are so clearly free from error it needs no discussion of these several rulings.

[1] The fact, if it be a fact, that the testimony of several of the state's witnesses was unreasonable, and not worthy of belief, as insisted upon by appellant's counsel, was a question solely for the jury. The evidence disclosed upon the trial is in substance as follows:

"The state's evidence tended to show that defendant shot Emma Collins at her home on the night of January 23, 1920, at about 9 o'clock; that the shot was fired from a shotgun through a window, and another shot was fired into another room of the house about the same time; that defendant was recognized by several parties at the home of the injured party at the time the shooting occurred; that tracks were measured at the house and defendant's shoes were measured and the tracks corresponded; that it was not a very dark night and was misting rain, and parties went to defendant's home after the shooting, and his shoes were muddy and his clothes damp; that defendant had visited the daughter of the injured party, and the injured party and her husband had forbidden such attention; that defendant and a son of the injured party had a short time before had some difficulty; that after the shooting a phone message was sent to the owner of the plantation on which the Collins family was living, and he came over and went to defendant's home.

"Defendant denied the shooting, and that he was at the Collins home, and that it rained that night, and at first denied that he had been out, but later admitted that he had been to the home of another party."

[2] Defendant complains of alleged erroneous rulings by the court in refusing to permit defendant to cross-examine the members of the family of the injured party as to whether they had been warned not to move onto the place where this family was living when the shooting occurred. We cannot see how this question had any place in the case or any theory on which it could have properly been admitted. Whether this family had or had not been warned not to move to this place did not tend to shed any light on the guilt vel non of defendant, and had a tendency to divert the minds of the jury from the vital and material questions in the case.

[3] Nor did the question as to what Mr. Reynolds, the owner of the plantation, had promised this family, if anything, have any bearing upon the material issues in the case. Granting that Reynolds knew that threats had been made against the Collins family not to move to the Reynolds place, and that he had told them if any trouble occurred to phone him, and he would look after and protect them, all of this had no bearing upon the case. Defendant could show, if possible, that some one else committed the crime, but could not offer testimony to the effect that there might have been an incentive on the part of another to do so.

[4] Moreover, defendant's proposal to show that some one had warned the Collins family not to move to this place did not include a proposal to show that such warning was given by another than defendant, and, for aught that appears from the proposal, defendant may have himself given the warning. Under no aspect, however, was this evidence admissible, and the court so ruled.

[5] There was no error in the ruling of the court in allowing the state, over the objection of the defendant, to show on cross-examination of the defendant while testifying in his own behalf that he had formerly been convicted of the offense of burglary and had served a term in the penitentiary therefor. This offense involved moral turpitude and was permissible as affecting the credibility of defendant as a witness. Abrams v. State, 17 Ala. App. 379, 84 South. 862.

[6] The testimony in this case being in conflict, and as there was ample evidence, if believed by the jury beyond a reasonable doubt, upon which to predicate a verdict of guilty and to sustain the judgment rendered thereon, therefore the affirmative charge requested by defendant was properly refused.

The two other written charges refused to defendant are elliptical, unintelligible, involved, and confused, and for these reasons the court did not commit error in refusing them.

No error appearing, the judgment of the circuit court is affirmed.

Affirmed.