57 So.2d 130

## GARRETT v. STATE.

### 7 Div. 183.

Court of Appeals of Alabama.

Feb. 19, 1952.

Huel M. Love, Talladega, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

HARWOOD, Judge.

Appellant was charged by complaint with possession, sale, etc. of prohibited liquors and beverages.

Her trial was had before the court without the intervention of a jury. The court entered a judgment of guilty.

The evidence presented by the State tends to show that the Sheriff of Talladega County and two of his deputies went to a house in Talladega County.

A public road ran in front of the house and close to it. Across this road, which had recently been worked, they found five pints of moonshine whiskey buried in the freshly turned dirt.

Near a hog pen some thirty steps to the rear of the house the officers found a five-gallon jug with a few spoonfuls of whiskey in it, and also a gallon jug full of whiskey. A trail led from the hog pen to the house.

The officers entered the house and searched it. The appellant was sitting on a "settee" during the search. Some small children were also in the house. Under this settee the officers found a half pint bottle which contained about three teaspoons of moonshine liquor.

John Garrett and his wife lived in the house. The appellant was Garrett's daughter.

Mr. Lakey, one of the deputy sheriffs, testified that the appellant disclaimed any knowledge of the whiskey. According to this witness: "The Sheriff told her that if her daddy didn't come in and make some arrangement about that whiskey 'I am going to make a case against you.'"

The Sheriff likewise testified that the appellant denied knowledge of the whiskey, and "indicated" it was her father's. He

then told her "we found the liquor there, that part of this liquor was under the settee on which she was sitting on, and I would have to make a case against her, and she said that it did not belong to her that it belonged to the folks in the house she was living with, she said it was theirs. I said 'I found it in your place and if Garrett don't come in and attend to this I am going to make a case against you.'"

One or more of the officers testified that John Garrett and his wife lived in the house at the time of the search.

For the defense John Garrett and his wife testified that they, together with two adopted children, lived in the house, which was under his control. The appellant had not lived with them for about a year, but lived in the home of a man named Moore for whom she worked.

On the day in question they had requested the appellant to come to their house and watch the two small children while they went off to gather and haul some wood.

It was during their absence that the search took place.

The appellant testifying in her own behalf denied knowledge or ownership of the whiskey. Her additional testimony was along the same line as that of her father and mother.

In our opinion the evidence produced by the State was insufficient to support the verdict of guilty entered by the court below.

Clearly it failed to show any actual possession of any of the whiskey by this appellant. The State's case then must rest upon constructive possession.

Ordinarily when articles are in a dwelling house they must be deemed in the constructive possession of the person controlling the house in the absence of evidence otherwise. The only reasonable inference that can be drawn from the evidence in this case is that the house and premises were in the control of John Garrett, and not of this appellant.

Under these conditions her mere presence in the house at the time whiskey was found therein is insufficient to establish constructive possession of the liquor by the appellant. The evidence was therefore insufficient to support the judgment entered.

The court perforce also erred in denying appellant's motion of a new trial, one ground of which went to the insufficiency of the evidence.

Reversed and remanded.