254 So.2d 714

**Chester McKINNEY, Individually**

v.

**STATE of Alabama.**

**6 Div. 806–811.**

Supreme Court of Alabama.

Nov. 18, 1971.

Ferris S. Ritchey, Jr., Birmingham, Robert Eugene Smith, Towson, Md., for appellants.

William J. Baxley, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

**650**

PER CURIAM.

Chester McKinney owned and operated an "Adults Only" book store on 5th Avenue, North, in Birmingham, Alabama. The windows of the store were painted so that the items offered for sale were not visible except to those who entered the store. It does not appear that there was any type of promotion or advertising to stimulate the sales of the book store or any sales to minors.

On March 9, 1970, one D. H. Johnson, Chief Investigator for the Attorney General's office of the State of Alabama, visited the book store as an investigator of pornography and purchased six magazines which were openly offered for sale. The magazines he purchased were sealed with cellophane covers so that they could not be picked up and thumbed through. The front and back covers, however, were clearly visible through the cellophane covers and in one or more of these covers were the photographs of a female with her feet spread-eagled apart, exposing her genital organs. On the basis of the sale and purchases of these magazines the Assistant Attorney General in the State of Alabama filed bills of complaint against each magazine in the equity side of the Circuit Court of Jefferson County praying that the magazines be adjudicated obscene and that a temporary injunction be issued against their further exhibition or sale in this State. Together with the bill of complaint was an affidavit from the Assistant Attorney General alleging that in his opinion the purchased magazines were obscene. The magazines themselves were attached as exhibits to the bills. The respondent demurred to the complaint raising constitutional questions and upon the demurrers being overruled he filed an answer denying that the magazines were constitutionally obscene and a cross-bill seeking an injunction restraining further interference with the operation of the business. The bills were filed pursuant to the provisions of Alabama Law on Obscenity which appears as Chapter 64 of Title 14 in the pocket part of the 1958 Recompiled Code of Alabama.

Paragraph 7 of each of the complaints charged as follows:

"7. Complainants represent unto your Honors that said magazine is obscene in that its dominant theme throughout appeals only to the prurient interest in sex, in that it is patently offensive because it affronts contemporary community standards relating to the representation of sexual matters and because said magazine is utterly without redeem-

ing social value or importance; and, further, said magazine is obscene because it is or was, at the time of its possession by the respondents aforesaid, being pandered for the sole purpose of the commercial exploitation of sex. The sole function of said magazine is the presentation of photographs of nude persons in lewd and lascivious poses calculated to expose to unhampered view the genital organs of said persons and exhibited only to arouse the prurient interest of the reader in sex."

The cases were consolidated for trial.

Only one witness testified for the complainant. He merely testified to the purchase of the magazines in question from the book store and as to its location and the fact that it had the quotation "Adults Only" on the sign both inside and outside the store and as to the other facts set forth above.

The respondent called as his only witness the Assistant Attorney General who had instituted the proceedings. He was examined by the complainant as to his legal knowledge of the various opinions of the courts on the matter concerning the subject of obscenity. For what purpose this examination was conducted, we do not speculate.

No further evidence was offered by either party, thereupon the court entered the following decree:

## "FINAL DECREE

"This cause came on to be heard and was submitted upon pleadings and proof as noted on June 23, 1970.

"This cause was filed under Title 14, Section 374(3) of the Code of Alabama of 1940 as recompiled and amended.

"The party Complainant is properly styled under the provisions of Chapter 64–A of said Title 14 and the party Respondents are properly named thereunder. The prayer for relief in the original Bill of Complaint prays for an adjudication by the Court that the magazine, the subject of this action, contains matter that is obscene, for a permanent injunction against the preparing, selling, exhibiting, commercially distributing, giving away or offering to give away or possessing it with the intent to sell and commercially distribute or exhibit or offer to give it away, and for its surrender, seizure and destruction.

"The Cross-Bill of the Respondent, Chester McKinney, prays for a ruling by the Court that the matter contained in the said magazine is not obscene, and further prays that the Court will enjoin the Complainant-Cross-Respondent from enforcing the said Statute upon which the Bill of Complaint is founded and from instituting any new civil or criminal proceedings against Respondent-Cross-Complainant.

"The Court must found its adjudication of obscenity, vel non, upon the prescribed definition contained in the said Section 374 (3) as follows:

" ' "Obscene" means lewd, lascivious, filthy and pornographic and that to the average person, applying contemporary community standards, its dominant theme taken as a whole appeals to prurient interest.' The Court finds that the publication complained against comes within the definition of 'printed or written matter or material' as set forth in said subsection.

"Applying the above definition of the word 'obscene' to the printed or written material or matter complained against the Court finds that it is obscene. The Court gives weight and credence to the testimony of the witnesses for Complainant relative to the question of the obscenity of the said material; and, further, this Court has been, for the past 61 years a member of the society making up the community of Birmingham in Jefferson County, Alabama and, as such, is aware of the contemporary community standards, in said community, relative to the question of whether printed or written matter or material is obscene, within the meaning of the said Statute.

"The question of the obscenity, vel non, of the said magazine is the portal question

in this cause, and having been by the Court decided it is CONSIDERED, ORDERED, ADJUDGED AND DECREED as follows:

"ONE: That certain magazine or publication described in the Bill of Complaint as 'Blast Off Number 1' is declared to be 'obscene' within the meaning of the. word as set forth in Title 14, Section 374(3) 1940, Code of. Alabama as recompiled and amended.

"TWO: The said magazine is declared to be contraband.

"THREE:. The Sheriff of Jefferson County is hereby ordered to seize and destory all copies of the said magazine in the possession of the Respondent, Chester McKinney, individually and doing business. as Paris Bookstall.

"FOUR: The respondents are permanently enjoined from preparing, selling, exhibiting or giving away, or offering to give away or possession with the intent to sell, commercially distribute, exhibit, give away or offer to give away any copy of the said magazine.

"FIVE: The relief prayed by Respondent, Chester McKinney, individually and doing business as Paris Bookstall, is denied, and the said Cross-Complaint is dismissed.

"SIX: The costs of this action are taxed to the Respondent, Chester McKinney, individually and doing business as Paris Bookstall, for which let execution issue.

"DONE and ORDERED this the 30th day of June, 1970.

"Wm. C. Barber
CIRCUIT JUDGE IN EQUITY SITTING"

Similar decrees were entered as to the other five magazines.

Amidst the sea of words and the shifting sands' of legal writing as to what constitutes obscenity not subject to sale and distribution to adults one can well be led away from solid ground. The appellant refers again and again in his brief to. the magazines as "girlie". magazines. A more apt description would be "genital" magazines. No claim is made or proof offered that they were of any artistic merit or other than lewd in general content or had any appeal other than prurient. Even a cursory examination reveals their wholly pornographic nature from which pollutants of the mind is all that could emanate.

We are not unaware that the burden of proof of obscenity was on the complainants and that the oral proof was scant but the silent witnesses, that is the magazines themselves, which are a part of the record under review and the fact that their open and willing sale by the respondent is not denied suffices to enable us to pass upon the obscenity, vel non, of the magazines. From viewing them we are persuaded that in them we find a coalescence of the following elements: (a) the dominant theme of the material taken as a whole. appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value.

We find ourselves in full accord with the holding of the Supreme Court of. Florida in the recent case of May v. Harper, 250 So.2d 880, from which we quote:

"As their first point on appeal, appellants contend that by virtue of Redrup v. New York, 386 U.S. 767; 87· S.Ct. 1414, 18 L.Ed.2d 515 (1967), and the summary reversals based thereon, together with Stanley v. Georgia, 394 U.S. 557, 89 S. Ct. 1243, 22 L.Ed.2d 542 (1969), they may engage in the commercial sale and distribution of obscene materials so long as there is no pandering, sale to minors, or an invasion of the privacy of others by their method of operation. Appellants are clearly in error. The United States Supreme Court's affirmances in Milky-Way Productions, Inc. v. Leary, 305 F. Supp. 288 (S.D.N.Y.1969), aff'd New York Feed Co. v. Leary, 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78 (1970), and Gable v. Jenkins, 309 F.Supp. 998 (N.D.

Ga.1969), aff'd 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595 (both of which were decided subsequent to Redrup and Stanley), were affirmances of cases specifically holding that no additional tests for obscenity are required beyond the Roth-Memoirs standards. Shortly after appellants' brief was filed in this Court, the United States Supreme Court announced in United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (1971), that the Court was renewing its adherence to Roth and sharply limiting its prior holding in Stanley."

We therefore affirm the decrees appealed from but in doing so observe and find that the obscenity, vel non, of the magazines in question offends not only the local mores of Jefferson County, Alabama, but are offensive both to contemporary standards in Jefferson County and across the country.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.