296 So.2d 202

George **HARLOW**

v.

**CITY OF BIRMINGHAM.**

**No. 6 Div. 577.**

Thomas D. **McGARY**

v.

**CITY OF BIRMINGHAM.**

**No. 6 Div. 582.**

Michael **ROBINSON**

v.

**CITY OF BIRMINGHAM.**

**No. 6 Div. 585.**

Court of Criminal Appeals of Alabama.

Jan. 15, 1974.

Rehearing Denied Feb. 12, 1974.

Ferris S. Ritchey, Jr., Birmingham, Robert Eugene Smith, D. Freeman Hutton, Atlanta, Ga., for appellants.

Herbert Jenkins, Jr., Birmingham, for appellee, City of Birmingham.

**HARRIS, Judge.**

These three appeals were argued and submitted on December 6, 1973, upon a motion of appellants to consolidate alleging that the questions of law and fact are the same in each case. The motion to consolidate further alleges that the actions involve substantially the same subject matter, save and except that the publications involved are different in name and content.

Appellants in each case were employees of the Pussycat Adult Theatre Bookstore located at 7610 First Avenue North in the City of Birmingham, Alabama, and were so employed at times which are material to the issues involved. All cases were tried on a Stipulation of Facts in the trial below.

It was stipulated that the exterior of the Pussycat Adult Theatre Bookstore clearly and distinctly displays "Adult Only" signs, both on the inside and on the outside, its windows being painted so that a person on the outside is unable to see the materials being sold on the inside of said establishment. The bookstore is located in the lobby inside the Pussycat Adult Theatre.

In case no. 577 appellant sold a magazine entitled, "Confidential: Sex" (Adult Only). This magazine graphically describes the erogenous zones of both male and female. The term "erogenous" is aptly described as being something that is "sexually arousing" or "sexually stimulating", therefore, anything that arouses or stimulates the sensual desires can be placed into the erogenous areas. Every page shows nude males and females engaged in actual sexual intercourse, fellatio, cunnilingus between both males and females, sodomy, other sexual activities including group sex and written descriptions of such activities with uncaptioned photographs actually depicting these activities. This was the city's exhibit in this case.

In addition to the above description, the magazine contains a number of lurid stories with photographs depicting sexual activities entitled "I Was Raped By A Black and Now Refuse Abortion"; "Confidential Stories of Wife Swapping Parties"; "I Carried My Father's Child"; "A Housewife Confesses: I Was Bored With Sex"; and "Smoking Pot Changed My Sex Life".

These articles are loaded with gutter-type sexual slang and interspaced with an abundance of four-letter words.

Case no. 582 involved one illustrated paperback book entitled "Black and White Love". This was the city's exhibit.

Case no. 585 involved one paperback book entitled "Photo-Illustrated-Psychology of Group Sex". This was the city's exhibit.

Based upon the Stipulation in each case, together with the exhibits, the trial court rendered a decree finding each defendant

guilty of violating Ordinance No. 67–2, Section 3, of the City of Birmingham.[1]

In each case identical demurrers were filed and overruled. In each case identical motions to quash the complaints were overruled. The pleadings raised constitutional questions about the ordinance, and, in each case, asserted that the particular materials involved were not obscene in the constitutional sense, as a matter of law, and therefore, were protected by the First Amendment.

The judgment entries in each case were substantially the same, and, in pertinent part, read as follows:

"This the 7th day of May, 1973, the objection to the evidence being considered by the court, it is ordered that said objection be and the same is hereby overruled for that the book was purchased by the City of Birmingham and was reviewed by a Recorder of the City of Birmingham who issued a Complaint of Arrest in accordance with the constitutional and statutory provisions of the laws of the City of Birmingham, State of Alabama, which do not require any prior adversary proceeding. The court has reviewed stipulation of facts and exhibits as a whole and advises that the paperback (magazine) involved is nothing but a publication graphically depicting nude men and women with their genitals fully exposed in poses and activities involving actual sexual intercourse, fellatio, cunnilingus between both male and females, sodomy, other sexual activities including group sex and written description of such activities interspaced between uncaptioned photographs actually depicting these activities, all of which constitute hard core pornography and such paperback (magazine) is obscene within the words of the City Ordinance and the United States Supreme Court

---

1. "ORDINANCE NO. 67–2

"AN ORDINANCE TO MAKE UNLAWFUL THE POSSESSION, PUBLISHING, PRINTING, MANUFACTURING, SALE, DISTRIBUTION, ADVERTISEMENT OR EXHIBITING OF OBSCENE MATTER IN THE CITY OF BIRMINGHAM OR THE POLICE JURISDICTION THEREOF AND PRESCRIBE PENALTIES THEREFOR.

"BE IT ORDAINED by the Council of the City of Birmingham as follows:

"Section 1. The following words and terms, when used in this ordinance, shall for the purpose of this ordinance have the meanings respectively ascribed to them by this section:

"A. 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters. If it appears from the character of the material or the circumstances of its dissemination that the subject matter is designed for a specially susceptible audience, predominant appeal shall be judged with reference to such audience. If the subject matter is distributed to minors under 18 years of age, predominant appeal shall be judged with reference to an average person of the actual age of the minor to whom such matter is distributed.

"B. 'Matter' means any book, magazine, newspaper or other printed or written material or any picture, drawing, photograph, motion picture, or other pictorial representation or any statue or other figure, or any recording, transcription, or mechanical, chemical or electrical reproduction, or any other articles, equipment, machines or materials.

"C. 'Person' means any individual, partnership, firm, association, corporation or other legal entity.

"D. 'Distribute' means to transfer possession of, whether with or without consideration.

"E. 'Knowingly' means having actual or constructive knowledge of the character and content of the subject matter. A person has constructive knowledge if a reasonable inspection under the circumstances would disclose the nature of the subject matter and the failure to inspect it for the purpose of avoiding such disclosure.

"F. 'City' means City of Birmingham, Alabama.

"Section 2. It shall be unlawful for any person to knowingly send or cause to be sent or bring or cause to be brought into this City or the police jurisdiction thereof, for sale of distribution, any obscene matter.

"Section 3. It shall be unlawful for any person to knowingly publish, print, exhibit, distribute or have in his possession with intent to distribute, exhibit, sell or offer for sale, in the City or the police jurisdiction thereof, any obscene matter."

test for determining obscenity for that the dominant theme of the paperback (magazine) appeals to the prurient interest of the average person when taken as a whole, applying contemporary community standards, is patently offensive in that the paperback (magazine) goes beyond the customary limits of candor and explicitness in its representation of sexual matters; and is utterly without any redeeming social value or importance notwithstanding the fact that there were no juveniles involved and there was no thrusting of the material upon unwilling individuals and there was no pandering in the exhibition of said paperback (magazine) and therefore the court, upon deliberating the facts and applying the law, finds the defendant guilty as charged in the Complaint."

The court imposed a fine of $300.00 and costs in each case, and sentenced each defendant to a term at hard labor for nonpayment of the fine and costs. The trial court as additional punishment sentenced each defendant to hard labor for the City of Birmingham for six months.

Like the trial court, we, too, have examined the sordid publications made exhibits to these records on appeal. Without the slightest hesitation, we stamp these publications with the label "obscene material and hard core pornography", which "taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419; Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492.

These publications are made up "entirely of repetitive descriptions of physical, sexual conduct", accompanied by black and white and colored photographs "explicit and offensive to the point of being nauseous. Almost every conceivable variety of sexual contact, homosexual and heterosexual, is described", and depicted.

In McKinney v. State, 287 Ala. 648, 254 So.2d 714, in treating a similar publication, the Supreme Court said:

"Amidst the sea of words and the shifting sands of legal writing as to what constitutes obscenity not subject to sale and distribution to adults one can well be led away from solid ground. The appellant refers again and again in his brief 'to the magazines as 'girlie' magazines. A more apt description would be 'genital' magazines. No claim is made or proof offered that they were of any artistic merit or other than lewd in general content or had any appeal other than prurient. Even a cursory examination reveals their wholly pornographic nature from which pollutants of the mind is all that could emanate."

The above quotation is peculiarly applicable here and as applied by the trial court in these three cases.

We hold that the City Ordinance under which these prosecutions arose is constitutional when measured by the tests prescribed by Miller v. California, supra, and the judgments of the trial court in each case are affirmed.

Affirmed.

All the Judges concur.