In McKinney v. State, 287 Ala. 648, 254 So.2d 714, in treating a similar publication, the Supreme Court said:

296 So.2d 235

**Chester McKINNEY**

v.

**STATE.**

**6 Div. 531.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Ferris S. Ritchey, Birmingham, Robert Eugene Smith, D. Freeman Hutton, Atlanta, Ga., for appellant.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Selling, etc., obscene printed matter (a magazine, Body and Soul, Volume III, Number 6) which had theretofore been judicially determined to be obscene by the Circuit Court of *Madison* County; fine, $1,000 and one year hard labor for Jefferson County.

This conviction was had on a trial de novo before a jury February 27, 1973. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, was decided June 21, 1973. However, we see no obstacle to the classical Blackstonian application of retroactivity as a brooding omnipresence revealed. At least the Supreme Court of Alabama has thus spoken, May 9, 1974.

The offending magazine offers an editorial hypothesis that since body and soul are inseparable at least in this life "we get a glimpse of the SOUL through the medium of the BODY." In spite of these sentiments we find little of the Pre-Raphaelite aestheticism to justify the display of male and female genitalia. The pictures are definitely sexually oriented with postures and organic proximity suggestive of fellatio, cunnilingus and coitus.

Certainly, taken as a whole, there is an appeal to prurient interest in sex. The portrayals of conduct are patently offensive and without serious literary, artistic, political or scientific value. The girls aren't too pretty anyway.

Applying "the average person, applying contemporary (Statewide) community standards" this magazine viewed in its entirety is definitely an appeal to the prurient interest in sex.

This case, aside from the difference in the printed matter, is practically identical with that of Ex parte McKinney, 292 Ala. 484, 296 So.2d 228 (1974).

Accordingly, the judgment below is due to be

Affirmed.

All the Judges concur.