**299 So.2d 780**

**In re James M. TRINKLER**

v.

**STATE.**

**Ex parte James M. Trinkler.**

**SC 806.**

Supreme Court of Alabama.

May 30, 1974.

Rehearing Denied Sept. 12, 1974.

Ferris S. Ritchey, Jr., Birmingham, Robert Eugene Smith, Atlanta, Ga., for petitioner.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State, respondent.

PER CURIAM.

Writ denied.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and FAULKNER, JJ., concur.

HEFLIN, C. J., and JONES, J., dissent.

HEFLIN, Chief Justice (dissenting):

In the instant case, Trinkler was arrested on April 8, 1971 and convicted on June 28, 1971 for violating Title 14, Section 374(4), Alabama Code of 1940, as amended (Recompiled 1958) (Supp.1971), the 1961 obscenity statute. In Pierce v. State, 292 Ala. 473, 296 So.2d 218 (1974) this court in affirming Pierce's conviction held that any potential vagueness in Section 374(4) had been cured by this court's holding in McKinney v. State, 287 Ala. 648, 254 So.2d 714 (1971) which was decided on November 18, 1971—prior to Pierce's arrest and conviction. Without the specificity provided by the *McKinney* case, which was not provided until several months after Trinkler's conviction, I do not think that the notice requirements of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L. Ed.2d 419 (1973) have been satisfied. Since I feel that to affirm Trinkler's conviction under these circumstances raises ex post facto considerations, I must dissent in accordance with my special concurring opinion in Ballew v. State, 292 Ala. 460, 296 So.2d 206 (1974).

JONES, Justice (dissenting).

My views have been expressed in McKinney v. City of Birmingham, 292 Ala. 726, 296 So.2d 236 (1974), and I respectfully dissent on the same grounds.