No. 74–533. McKINNEY *v.* CITY OF BIRMINGHAM;
No. 74–534. McKINNEY *v.* CITY OF BIRMINGHAM; and
No. 74–535. HARLOW ET AL. *v.* CITY OF BIRMINGHAM. Ct. Crim. App. Ala. Certiorari denied. Reported below: No. 74–533, see 292 Ala. 726, 296 So. 2d 236; No. 74–534, 52 Ala. App. 605, 296 So. 2d 197; No. 74–535, 52 Ala. App. 612, 296 So. 2d 202.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioners were convicted in the Jefferson Circuit Court of selling or exhibiting obscene material in violation of Birmingham Ordinance No. 67–2, § 3, which provides:

> "It shall be unlawful for any person to knowingly . . . exhibit, sell, or offer for sale, in the City or the police jurisdiction thereof, any obscene matter."

As used in Ordinance No. 67–2, "obscene" meant at the time of the alleged offenses:

> "that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters." § 1.

On appeal, the Alabama Court of Criminal Appeals affirmed the convictions. Petitions for writs of certiorari

were filed with the Supreme Court of Alabama and denied.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, Ordinance No. 67–2 as it existed at the time of the alleged offenses was constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgments of the Court of Criminal Appeals were rendered after *Miller,* reverse the convictions. In that circumstance, I have no occasion to consider whether the other questions presented in these cases merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Further, it does not appear from the petitions or responses that the obscenity of the disputed material was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their cases decided on, and to introduce evidence relevant to, the legal standard upon which their convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgments below and remand for a determination whether petitioners should be afforded new trials under local community standards.