326 So.2d 773

**Thomas McGARY**

v.

**The CITY OF BIRMINGHAM.**

**6 Div. 987.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

Ferris S. Ritchey, Jr., Birmingham, Robert Eugene Smith, Atlanta, Ga., for appellant.

Herbert Jenkins, Jr., Asst. City Atty., Birmingham, for appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted for the violation of Ordinance No. 67–2, Section 3, of the City of Birmingham. He raised by a demurrer and a motion to quash the complaint the question of the constitutionality of the ordinance, contending (1) that the definition of obscenity contained in the particular ordinance does not meet the test laid down in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, and (2) that the application of the principles pronounced by *Miller v. California* to conduct occurring before the case constitutes ex post facto legislation in contravention of the United States Constitution, Article I, Sections 8, 9 and 10. The first contention was rejected by this Court in *McKinney v. City of Birmingham*, 52 Ala.App. 605, 296 So.2d 197, cert. denied, 292 Ala. 726, 296 So.2d 202, cert. denied, 420 U.S. 950, 95 S. Ct. 1335, 43 L.Ed.2d 429 and by *Harlow et al. v. City of Birmingham*, 52 Ala.App. 612, 296 So.2d 202, cert. cenied, 292 Ala. 722, 296 So.2d 206, cert. denied, 420 U.S. 950, 95 S.Ct. 1335, 43 L.Ed.2d 429, and the second contention was rejected by this Court in *McKinney, supra*, and in *McKinney v. State*, 52 Ala.App. 615, 296 So. 2d 235.

The only other question raised by appellant relates to the process of obtaining names or cards of jurors from which the jury was selected to try the case. The trial judge clearly stated what took place as follows:

"... all our jurors who are not serving on a jury or gone out to be struck are kept in the jury room where we have a box where all the numbers and names of all the jurors are kept except those, of course, that are already serving in somebody's court. And this morning, I sent my bailiff down to the jury room and instead of bringing the box back for me to select the cards and

then go and send for the jurors, I had instructed the bailiff to draw up twenty-four cards out of the box and to mark the jury lists and draw them at random, of course, and then instructed him to draw up twelve extra jurors and put them in the order in which they were drawn. In other words, the actual drawing of the cards out of the box was not done in this court room or in the presence of either the City's attorney or the defendant's attorney. Of course, the record shows the strikes of the jurors after they were all questioned down here later."

The bailiff who obtained the cards containing the names of the panel of jurors from which the jury was selected testified as to his strict compliance with the order of the trial judge. In addition, he testified that the usual procedure was "to bring the box back to the court room for the Judge to withdraw the jury venire in the presence of the defendant, his attorney and—well, both parties to the cause." The trial judge stated as to the procedure followed in the case:

"This is done to expedite matters rather than having this box which contains every card of every juror and has to go to twelve or thirteen different Judges, and I do it because I think it expedites matters rather than to wait your turn for ten ahead of you to get finished with the box."

The attorney for defendant objected to the procedure, and the attorney for the City joined in the objection, and the court stated, "I overrule the objection."

There is nothing in the record pertaining to the particular procedure under consideration until after the jury was selected, the case was stated to the jury by the attorneys and the City had presented a large part of its testimony.

Appellant now complains that the procedure was "violative of Title 30, § 38, Code of Alabama, 1940 (Recomp.1958)." The cited Section requiring a drawing "from the hat or box" and "in open court" is not referable to obtaining a jury for the trial of a particular case but to obtaining from the jury box maintained by the Jury Commission the names of jurors to be called for jury service for a particular week. Appellee relies upon the law, applicable to Jefferson County, for obtaining names from which a jury is to be selected for the trial of a particular criminal or quasi-criminal case. Code of Alabama 1940 (Recomp.1958) Volume 14, Appx. §§ 714 and 715.

If defendant had made timely objection to the procedure or had moved for a mistrial upon his becoming aware of the procedure, we would have a much more difficult problem to decide than the one actually before us now. With full knowledge of what had been done, defendant merely objected to what had been done and made no motion or suggestion as to what should be done. It appears that he objected no more strongly than did the City, but neither asked for a mistrial or for any action whatever. We also note that experienced counsel for defendant, who was in the case from beginning to end, participating actively in the selection of the jury, was apparently well aware of the usual practice and should have been aware of its nonobservance long before any ruling was invoked of the trial court. There is no efficacy in an objection to something that has taken place hours before the objection is made. For some reason which we do not know, defendant was apparently as satisfied with the jury as was the City. A party cannot speculate on a favorable verdict and thereafter obtain relief from some alleged error for which relief he could have asked before the return of an unfavorable verdict. *Ball v. State*, 252 Ala. 686, 42 So.2d 626; *Daniels v. State*, 49 Ala.App. 654, 275 So.2d 169.

The judgment appealed from should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.