WILLIAM D. PAGE, Circuit Judge.
On November 25, 1974, Richard E. Koer-ner, an officer of the Bureau of Special Investigations of the Montgomery Police Department, went to Jimmy’s News Stand in Montgomery, Alabama, and purchased from Curtis Gilbert a publication entitled “Teenage Girls and Their Loving Boyfriends.” Curtis was charged by affidavit and complaint with violation of Ordinance 26-74 adopted by the governing body of the City of Montgomery on February 19, 1974. Trial was before the court and a jury. The jury was called upon to determine whether the magazine was obscene as proscribed by the Ordinance. The defendant was convicted by the Jury.
The Ordinance under which defendant was convicted makes it a municipal offense for one to knowingly publish, print, exhibit, distribute or have in his possession with intent to distribute, exhibit, sell or offer for sale, in the city or the police jurisdiction thereof, any obscene matter. The Ordinance sets out the following definitions:
“A. ‘Obscene’ means that to the average person, applying contemporary community standards, the work or matter, taken as a whole, appeals to the prurient interest; the work or matter depicts or describes, in a patently offensive way, sexual conduct, and the work or matter, taken as a whole, lacks serious literary, artistic, political or scientific value.
“B. ‘Work’ or ‘Matter’ means any book, magazine, newspaper or other printed or written material, or any picture, drawing, photograph, motion picture or other pictorial representation or any statue or fig *143 ure or any recording transcription or mechanical, chemical or electrical reproduction, or any other articles, equipment, machines or materials.
“C. ‘Sexual Conduct’ means any act of masturbation, excretory functions, homosexuality, sado-masochistic abuse, nudity, sexual intercourse or physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such a person be a female, breast, whether or not any such conduct is actual or simulated, and lewd exhibition of the genitals. “D. ‘Nudity’ means the showing of the human male or female genitals, pubic area or buttocks with less than a fully opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple, or the depiction of covered male genitals in a discernibly turgid state.
“E. ‘Sado-Masochistic Abuse’ means flagellation or torture by or upon a person undressed or clad in undergarments, a mask or bizarre costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one undressed or so clothed.
“F. ‘Person’ means any individual, partnership, firm, association, corporation or other legal entity.
“G. ‘Distribute’ means to transfer possession of, whether with or without consideration.
“H. ‘Knowingly’ means having actual or constructive knowledge of the character and content of the subject matter. A person has constructive knowledge if a reasonable inspection under the circumstances would disclose the nature of the subject matter and the failure to inspect it for the purpose of avoiding such disclosure.”
In its oral charge the trial court instructed the jury that the “contemporary community standards” to be applied in determining whether the publication was obscene were those of Montgomery County, Alabama. Defendant urges that the “contemporary community standards” are required to be those of the entire State of Alabama. Our Supreme Court has held that statewide standards are not only desirable, but are also feasible, and that it is error for the trial court to instruct the jury that the standard to be applied is less than statewide. Pierce v. State, 292 Ala. 473, 296 So.2d 218, cert. den. 419 U.S. 1130, 95 S.Ct. 816, 42 L.Ed.2d 830 (1975). As in Pierce, the question arises in the instant case as to whether such error was reversible error. Following the precedent of Pierce and McKinney v. State, 287 Ala. 648, 254 So.2d 714 (1971), cert. den. 405 U.S. 1075, 92 S.Ct. 1499, 31 L.Ed.2d 809 (1972), this Court, based on the evidence, finds the publication to be offensive to the contemporary community standards of Alabama and the Nation, as well as of Montgomery County. The graphic pictorial displays include, in addition to coitus, activities of fellatio, sodomy, masturbation and cunnilingus. The instruction to the jury in this case was error without injury. Pierce, supra; McKinney, supra. The prose chosen for inclusion in the magazine deals with the subjects of sado-masochism, bestiality, masturbation, and the raping of a virgin by a depraved genius. The magazine, viewed in its entirety, is definitely an appeal to the prurient interest in sex. It is patently offensive. It is totally without serious literary, artistic, political or scientific value.
Defendant asserts as error the refusal of the trial court to dismiss the complaint and affidavit and to exclude the evidence. Under Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), obscenity offenses must be limited to works which:
1. Depict or describe sexual conduct which is specifically defined by applicable State law (as written or authoritatively construed) and
2. Taken as a whole, appeals to the prurient interest in sex and
3. Portrays sexual conduct in a patently offensive way, and
4. Taken as a whole does not have serious literary, artistic, political, or scientific value.
*144 The Ordinance in question meets the constitutional test of Miller. On appeal, the appellate courts of this state make an independent determination of obscenity, regardless of the finding of the trial court. The Ordinance is constitutional under Miller standards.
Defendant urges that because the pictorial scenes present only nudity and only simulated acts are depicted the publication could not be obscene as a matter of law and that this trial court should have granted defendant’s motion to dismiss the Complaint and Affidavit and to exclude the evidence. The United States Supreme Court has -ruled that nudity in and of itself cannot be proscribed, Manual Enterprises, Inc. v. Day, 370 U.S. 478, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962). The pictures in the magazine sold by defendant depict more than nudity. The positions of the contorted bodies and the proximity of the genitalia of the males and females leave nothing to conjecture or surmise. The acts are not simulated as suggested by defendant. The matter is hard core pornography. The decision here reached meets the admonition of Miller, supra, wherein it is stated:
“Under the holdings announced today, no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive ‘hard core’ sexual conduct specifically defined by regulating state law, as written or construed.”
We are in agreement with that pronouncement. Our ruling is not violative of the admonitory observation by the highest court in the land. The Ordinance not being constitutionally defective, and the magazine being hard core in practically every picture and word, the trial court did not err in overruling the motion to dismiss or the motion to exclude. Miller, supra.
The defendant argues that, because the prosecution failed to produce any direct evidence as to what the “contemporary community standard” was and whether the magazine affronted that standard, the trial court was in error in failing to exclude the evidence and direct a verdict of acquittal. It is insisted that the introduction of the magazine without direct testimony of a community standard was a denial of due process. In this ease the jurors were entitled to draw on their own knowledge in determining whether the magazine was obscene. Matheny v. State, 55 Ala.App. 119, 313 So.2d 547, cert. den. 294 Ala. 765, 313 So.2d 552 (1975). The Supreme Court of the United States has held that jurors have the ability, without benefit of expert testimony, to ascertain the sense of the “average person” in applying community standards. The refusal to' grant the defendant’s motion to exclude was not error. Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).
On trial the Court allowed into evidence photographs of the interior of the place of business where the sale took place, various signs posted on the interior of the establishment, certain “marital aids” offered for sale, posters advertising motion pictures which could be viewed on the premises for payment of a fee, a life-sized plastic doll, and numerous other magazines which were displayed on racks in the store. Defendant urges that because these photographs did not depict or portray scenes strictly related to magazines their admission was error to reversal. Throughout the trial defendant insisted he had no knowledge of the contents of the publications, had never looked inside such publications and did not knowingly violate the Ordinance. The totality of the premises at which the act occurred was properly presented to the jury for its consideration in determining scienter, intent and motive. The scene of the occurrence of the offense was a part of the res gestae: Lambert v. State, 48 Ala.App. 600, 266 So.2d 812 (1972). Even though the photographs depicted scenes which might impute to defendant other violations of the obscenity ordinance, they were properly admitted. Eady v. State, 284 Ala. 327, 224 So.2d 876 (1969); Robinson v. State, 40 Ala.App. 101, 108 So.2d 188 (1959). See "The Law of Evi *145 dence in Alabama” by Judge J. Russell McElroy, Vol. 1, 2nd Ed. pp. 166-169.
The defendant complains of error in that, over objection by the defendant, witnesses for the prosecution were allowed to testify concerning homosexual propositions made to them by someone other than the defendant and outside the presence of the defendant. Such propositions were made inside the premises where the magazine was purchased. Such testimony was allowed after the defendant had cross-examined a witness for the prosecution on the subject of whether such witness had ever observed any disorderly conduct on the premises. The defendant having opened the testimony concerning the type persons who frequented the establishment and their conduct while in the establishment, the prosecution was properly allowed to introduce evidence to clarify, amplify or rebut such testimony. Cannon v. State, 53 Ala.App. 509, 301 So.2d 272 (1974); Cooper v. State, 55 Ala.App. 576, 317 So.2d 543 (1975); Goodson v. State, 42 Ala.App. 266, 160 So.2d 652 (1963).
Defendant next contends that the court erred in sustaining objection to a question put to a prosecution witness on cross-examination. The transcript of the testimony reveals the following:
“Q. Prior to the time that you arrested him, did you warm him that these magazines were suspected to be illegal magazines?
“A. No, sir, I didn’t.
“Q. Did anyone warn him to that effect?
“MR. KIRK: I object to that—
“THE COURT: Yes, I sustain the objection.
“Q. (By Mr. Pool) But you didn’t warn him?
“A. No, sir.”
Defendant argues that he was denied the right to a thorough cross-examination as provided by Title 7, Sec. 443, Code of Alabama, 1940, Recomp. 1958. The defendant was allowed to question the witness as to whether he (the witness) had warned the defendant on the subject of obscenity. The defendant was not allowed to state whether or not anyone other than the witness had so warned the defendant. The question propounded had nothing to do with the guilt vel non of the defendant. Whether this defendant had been “warned” by someone other than the witness would not tend to shed any light on the vital questions of the case. The question propounded was not only immaterial, it also called for hearsay. Martin v. State, 18 Ala.App. 303, 92 So. 37 (1921); Sovereign Camp W.O.W. v. Adams, 204 Ala. 667, 86 So. 737 (1920).
The defendant claims error in the fact that the trial court allowed a prosecution witness to answer a question which defendant asserts called for an opinion. The questioned ruling arose in the following fashion:
“Q. Now, I show you the cover and ask if, on your experience in life and at your age in life, if there is any room for the imagination for any space between the male head on the cover of that magazine and the female body?
“MR. POOL: We objeet to that question.
“THE COURT: Overruled.
“A. No, sir.”
It is noted that only a general ground of objection was interposed by the defendant. When, as here, an objection is general, specifying no grounds, the trial court will not be put in error for admitting the evidence unless the matter is clearly not proper for any purpose. A general objection to evidence which is subject to a specific objection is properly overruled. McKinley Music Co. v. Lewis, 17 Ala.App. 370, 84 So. 858 (1920); W. B. Smith & Sons v. Gay, 21 Ala.App. 130, 106 So. 214 (1925); Thornton v. State, 55 Ala.App. 462, 316 So.2d 710 (1975); Miller v. State, 52 Ala.App. 525, 294 So.2d 774 (1974).
Defendant complains that he was not permitted to question the chief prosecution witness as to whether or not the witness made a personal determination that the magazine was obscene at the time it was purchased from the defendant. Defendant claims he should have been allowed to pursue this line of questioning to show bias or prejudice on the part of the witness. *146 In developing interest or bias on the part of a witness, the range of cross-examination rests largely in the discretion of the trial court and its rulings will not be disturbed unless it clearly appears that the accused was prejudiced by such rulings. Benefield v. State, 44 Ala.App. 339, 208 So.2d 449, cert. den. 282 Ala. 19, 208 So.2d 455 (1967). In such cases the burden of persuasion on the issue of the'prejudicial effect of the ruling is upon the party claiming abuse of discretion. Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195, cert. den. 288 Ala. 735, 265 So.2d 202, cert. den. 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972). In this case we are not persuaded that the ruling of the trial court was prejudicial to the defendant or that there was an abuse of discretion.
On cross-examination of a prosecution witness the defendant attempted to elicit whether the witness was aware that x-rated and r-rated movies were being shown in Montgomery County. There was no showing of the nature or content of such movies or of the degree of regularity such movies were shown in the area, nor was there any attempt to show such content or regularity. In short, there was no evidence that the movies alluded to were comparable to the magazine in question or that the movies enjoyed a reasonable degree of acceptance or tolerance. In absence of such testimony, or an attempt to introduce it, the trial court will not be put in error. Of course, had defendant shown that the x-rated or r-rated movies alluded to were comparable to the magazine, and had he demonstrated to the satisfaction of the trial court that such movies enjoyed a reasonable degree of community acceptance or tolerance, the trial court should have allowed the question to be answered. Absent such showing there was no error. Pierce, supra.
The entire transcript and record of the trial in the lower court has been examined. No error is made to appear.
The foregoing opinion was prepared by Hon. WILLIAM D. PAGE, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Sec. 38, Title 13, Code of Alabama, 1940, Recomp. 1958; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.