BOWEN, W. SIMMONS, Retired Circuit Judge.
A lawful jury convicted appellant-defendant of violating the Uniform Controlled Substances Act as charged in the indictment. The jury declined to assess a fine. The court fixed punishment at five years imprisonment in the penitentiary. An appeal followed a correct entry of judgment.
I
Appellant asserts that the State failed to present sufficient evidence to prove beyond a reasonable doubt that the appellant was guilty of possessing the prohibited narcotics as charged. We conclude to the contrary.
It appears that the law enforcement officers, or one of them, procured a lawful search warrant to search the premises at 3813 Huntsville Road, allegedly the residence of appellant in Jefferson County.
When the officer arrived at the above address, no one was at home. They then proceeded to a gasoline filling station about six blocks distant and there contacted defendant who, without protest, but not under arrest, went with them back to the premises, supra. Before arriving, defendant, pursuant to inquiry, delivered one of the officers several keys, one of which he said would unlock the door thereby admitting entrance. After trying one key, which did not fit, the officers, upon hearing a suspicious noise inside, proceeded to force the door open and by this means obtained prompt entrance.
The defendant, after entry, gave the officers another key which the officers tried out on the forced door and were able to lock and unlock the lock on the door. This key was not made available to the officers before the forced entry.
The officers proceeded to search a bedroom inside the building by authority of the search warrant, supra. Defendant remained in the living room while Lieutenant Phillips and Sergeant Hoehn made the search. Sergeant Hoehn testified that they found in the bedroom closet a shirt to which was appended a laundry slip with James Harris’ name on it. There were two or three of the laundry slips, but he took only one of them. The witness identified the laundry slip which was introduced and admitted in evidence over defendant’s general objection that was correctly overruled.
The witness testified there was a bed, dresser, and a closet in the room. The witness did not recall seeing any women’s or children’s clothing in the room.
The witness further testified that he saw several letters in the bedroom that had James Harris’ name on them. They bore the address “3813 Huntsville Road.” There were two or three of the letters-possibly more.
The witness stated that other items that they found in the bedroom were marijuana and pills under the mattress in the room; also some “Robitussin” cough syrup on the dresser. Also they found another bottle of pills in the closet on top of a ledge-“Way up in the top of the closet with clothes in front of them.”
After leaving the bedroom, the officers went back into the living room where defendant was. After informing him in detail of the Miranda rights, the officers asked him if the pills belonged to him. He refused to answer. Then the officer asked defendant, “Is that your room in there,” and he said ‘Yes, I am boarding there.’ In reply to a question by the officer, the defendant said a man and his wife were living there. He said that he was going with the wife, but her husband did not know about it.
After qualifying as an expert, Mary Alice Rhodes testified that she was a member of the Department of Toxicology of the State of Alabama. It appears that Sergeant Hoehn delivered to Ms. Rhodes, for examination, the marijuana, the pills, and the liquid he seized in the Harris room. The *867 items delivered are described in the indictment. Ms. Rhodes testified in detail as to the test she ran from which she determined that the items were narcotics prohibited by the Alabama Uniform Controlled Substances Act. § 20-2-1, et seq., Code of Alabama 1975.
In view of defendant’s occupation of the room and the presence of the prohibited drugs as appears, supra, we think defendant’s knowledge of the drugs and his constructive possession of the several contraband items presented a jury question. The jury could infer that defendant had such knowledge and dominion of the items. Patterson v. State, 202 Ala. 65, 79 So. 459(4); Garrett v. State, 36 Ala.App. 417, 57 So.2d 130(2). Guilty knowledge may be established, as here, by circumstantial evidence. Smith v. State, Ala.Cr.App., 351 So.2d 668(4), cert. denied, Ala., 351 So.2d 675.
The court was free from error in refusing a directed verdict and in denying a motion for a new trial because of insufficient evidence.
II
A second contention of error here argued by appellant is that the court erroneously overruled appellant’s objection to hearsay testimony.
Officer Phillips testified that an elderly “black lady” came up to the house, and in the presence of defendant, asked what they were doing in her nephew’s home. She said James Harris was her nephew.
It appears that prior to the answer above noted, defendant objected to the question because it was an “out-of-court statement.” There was no asserted ground of objection, as here argued, that the evidence was hearsay. The asserted ground as noted, supra, was inadequate and insufficient. Specific grounds of objection waive all grounds not specific and the trial judge will not be put in error on grounds not assigned. Andrews v. State, Ala.Cr.App., 359 So.2d 1172 (1978). We pretermit considering the assertion that the evidence was hearsay. No such ground was a basis of the objection.
III
Appellant’s last contention of error asserts that the court erroneously overruled his objection to testimony “from a writing by a witness [Hoehn] for the State.”
It appears that Sergeant Hoehn, to some extent, testified by reading some written notes he had made. The hearing was on a motion (not in the record) “to suppress the evidence, based on an illegal search and seizure, plus based on the testimony that there is no proof that James Harris had possession of these particular drugs.” This quoted comment is by counsel for defendant, which is the only indication in the record as to the nature of the motion. The court overruled the motion.
The objection to the testimony from the written notes was general with no specific grounds. Where only a general objection is made, as here, the trial court will not be put in error for admitting the evidence unless the matter is clearly not proper for any purpose. Gilbert v. City of Montgomery, Ala.Cr.App., 337 So.2d 140(11). A general objection to evidence which is subject to a specific objection is properly overruled. Gilbert, supra (12). Since there was no specific objection we will not attribute error to the court’s ruling. We do not mean to indicate the ruling would have been error had a proper specific objection been interposed.
We find no error in the record to reverse. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN, W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.